In the Matter of the Application of WIND POWER PACIFIC INVESTORS-III and WAIKOLOA WATER CO., INC. for Certification of Qualifying Small Power Production Facility Pursuant to Subchapter 2, Rule 6-74-9 Established by the Department of Budget & Finance, State of Hawaii, Entitled "Standards for Small Power Production and Cogeneration in the State of Hawaii."

NO. 9418

(DOCKET NO. 4779)

AUGUST 29, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Wind Power Pacific Investors-III (WPPI-III) and Waikoloa Water Co., Inc. (WWC) jointly applied to the Public Utilities Commission (PUC) for a certification as a qualifying small power production facility (qualifying facility or QF). WPPI-III and WWC proposed building a small power production facility utilizing wind energy at Waikoloa on the Island and County of Hawaii (Big Isle). The plan is to produce electrical energy to primarily operate WWC's water pumps and to sell any excess energy to Hawaii Electric Light Co. (Helco), an electric utility operating on the Big

Isle. The PUC granted the certification and Helco appeals. We affirm.

## I.

Helco complains that: (a) the PUC's finding that the application had been amended by the deletion of the two ten-kilowatt (kw) windmills was clearly erroneous, or based upon erroneous procedure, and the PUC's conclusion that the application met the single ownership requirement of a QF was also erroneous; (b) the PUC improperly considered a power sales agreement which was executed and entered into by WWC and WPPI-III subsequent to the evidentiary hearing.

In reviewing the record, we find that the deletion of the two ten-kw windmills and the proposed ownership/operational agreement were fully and amply discussed during the hearings before the PUC. Helco cannot now complain of surprise or the inability to rebut the facts considered by the PUC. We are not convinced that further hearings will produce new evidence for the PUC to consider.

While the PUC may not have followed procedural requirements to the letter, we hold that the irregularities complained of do not prejudice the substantial rights of Helco. HRS § 91-14(g); *Survivors of Medeiros v. Maui Land & Pineapple Co.*, 66 Haw. 290, 293, 660 P.2d 1316, 1319 (1983). We conclude that no error was committed.

## II.

Helco argues that WPPI-III is the true operator of the qualifying facility and not WWC, and therefore, the granting of the certificate was in error.

Under Hawaii Revised Statutes (HRS) § 269-27.2, electric utilities are required to purchase any energy made available by a qualifying small power production facility at a price not less than 100 per cent of the cost avoided by the utility when the utility purchases the electrical energy rather than producing the electrical energy. Administrative Rules § 6-74-21. *See generally* Administrative Rules, Title 6, Chapter 74. The legislative purpose and intent

of the mandatory purchase and price statute is to encourage the development of alternate energy sources to lessen the state's dependence on fossil fuels. HRS § 269-27.2; 1977 Haw. Sess. Laws, Act 102, § 1.

The PUC in interpreting its own rules, determined that the *facility* and not the operator qualifies to receive the benefits of qualification. Such interpretation must be given deference by this court unless contrary to public policy. *Camara v. Agsalud,* 67 Haw. 212, 685 P.2d 794 (1984). The interpretation given by the PUC of Rules 6-74-4, 6-74-5, and 6-74-7 *supports* the public policy of encouraging development of alternate energy sources established by the Legislature. Furthermore, the PUC followed the Federal Energy Regulatory Commission's lead in interpreting the rules in question.[1]

We agree with the PUC that the relationship between WPPI-III and WWC in establishing the facility has no effect on whether the facility qualifies as a QF.

### III.

Helco contends that the PUC erred in concluding that WPPI-III is not a public utility.

HRS § 269-1 defines a public utility as

every person who may own, control, operate, or manage as owner, lessee, trustee, receiver, or otherwise ... any plant or equipment ... directly or indirectly for public use ... for the production, conveyance, transmission, delivery, or furnishing of light, power, heat, cold, water, gas or oil ... ; provided that

---

[1] The federal rules, 18 C.F.R. § 292.201 to § 292.207, implementing section 201 of the Public Utility Regulatory Policies Act of 1978, 16 U.S.C. § 2601, *et seq.,* are substantially identical to Administrative Rules, Title 6, Chapter 74, Subchapter 2. In an analysis of 18 C.F.R. § 292.203 (corresponding to Administrative Rule § 6-74-4), the Federal Energy Regulatory Commission stated:

There was some confusion in the comments as to who actually qualifies under this program. *The facility qualifies* and that entitles the owners and operators of the facility to receive the benefits of qualification under this part. (Emphasis added.)

45 Fed. Reg. 17963 (1980).

the term . . . (7) shall not include any person which (A) controls, operates, or manages plants or facilities for production, transmission, or furnishing of power primarily or entirely from non-fossil fuel sources, and (B) provides, sells, or transmits all of such power, except such power as is used in its own internal operations, directly to a public utility for transmission to the public . . . .

Helco argues that WPPI-III falls within the definition of a public utility under HRS § 269-1 because WPPI-III owns a power production plant for indirect public use. Helco further argues that WPPI-III does not fall within the exception of sub-paragraph (7) of HRS § 269-1 because WPPI-III will not sell all of the electrical power directly to Helco, but rather, WPPI-III will sell the power to WWC and through WWC, to Helco.

The term "public utility" implies a public use. The regulation of public utilities ensures continuation of service to the public with reasonable efficiency, at fair rates, and without discrimination against particular users or classes of users. A.J.G. Priest, *I Principles of Public Utility Regulation*, Ch. 1, generally; 73B C.J.S. *Public Utilities* § 2.

[W]hether the operator of a given business or enterprise is a public utility depends on whether or not the service rendered by it is of a public character and of public consequence and concern, which is a question necessarily dependent on the facts of the particular case, and the owner or person in control of property becomes a public utility only when and to the extent that his business and property are devoted to a public use. The test is, therefore, whether or not such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals.

73B C.J.S. *Public Utilities* § 3. *See also* Priest, *supra,* p. 10-13; *Wilhite v. Public Service Commission,* 150 W.Va. 747, 149 S.E.2d 273 (1966).

The PUC found that WPPI-III's property was not dedicated to public use even though WPPI-III sold all of the electric energy produced by WPPI-III to WWC, which in turn sells the excess energy to Helco. Upon review of the record, we cannot conclude

that the PUC's finding was clearly erroneous. Further, the legis-
lature enacted sub-paragraph (7) of HRS § 269-1 specifically to
encourage the commercial development of renewable energy re-
sources by producers who desired not to be deemed public utilities.
Act 77, § 1, 1980 Haw. Sess. Laws. We conclude that WPPI-III is
not a public utility under HRS § 269-1.

### IV.

We hold that the conclusions reached by the PUC are not con-
trary to the policies supporting the regulation of public utilities,
and the intent and policy of our legislature to reduce our depen-
dence on fossil fuels. We further hold that Helco's other conten-
tions are without merit.

Affirmed.

*Barry M. Utsumi* for Appellant Hawaii Electric Light Company,
Inc.

*Gerald A. Sumida (Alan T. Kido* with him on the brief) for Appel-
lee Wind Power Pacific Investors-III and Waikoloa Water Co., Inc.