**In the Matter of the Application of AKINA BUS SERVICE, LTD.** For a Motor Carrier Certificate or Permit Pursuant to Section 271–12 or 271–13, Hawai'i Revised Statutes

NO. 15416

**In the Matter of the Application of AKINA BUS SERVICE, LTD.** For a Motor Carrier Certificate or Permit Pursuant to Section 271–12 or 271–13, Hawai'i Revised Statutes

NO. 15646

(DOCKET NO. 6541)

JULY 20, 1992

BURNS, C.J., HEEN, AND WATANABE, JJ.

OPINION OF THE COURT BY HEEN, J.

On September 25, 1989, Applicant–Appellee Akina Bus Service, Ltd. (Akina), was the holder of a certificate of public convenience and necessity (CPCN) issued to it by the Public Utilities Commission (Commission). The CPCN authorized Akina to operate on Maui as a common carrier of passengers by over–17 passenger motor vehicles. Akina's authority was limited, however, to conducting tours originating in the Kihei–Wailea–Makena area. On the above date, Akina applied to the Commission for an expansion of its authority under the CPCN, asking the Commission to eliminate the geographic limitation. The Commission allowed Intervenors–Appellants Robert's Tours and Transportation, Inc., and Gray Line Hawai'i, Ltd. (collectively Intervenors) to intervene in the proceedings. After hearings on the islands of Maui and Oahu, the Commission approved Akina's application in a Decision and Order (Order) entered on April 12, 1991. The Order

authorized Akina "to operate as a common carrier of passengers by motor vehicle over irregular routes in the over–17 passenger classification on the island of Maui."

On April 24, 1991, Intervenors filed a Motion for Reconsideration of the Order (Motion). Since the Commission did not act on the Motion within 20 days of its filing, Intervenors filed a notice of appeal on June 12, 1991 (S. Ct. No. 15416).[1] On August 29, 1991, the Commission entered an order denying the Motion, and Intervenors filed another notice of appeal on September 9, 1991 (S. Ct. No. 15646). On November 6, 1991, the supreme court granted the parties' stipulated motion to consolidate the appeals.

On appeal, Intervenors pose several arguments attacking the Order. However, only two are worthy of discussion. Thus, we will discuss whether:

(1) the Commission's finding that there is a need in the Maui tourist transportation industry for Akina's proposed service is contrary to law and clearly erroneous; and

(2) the Commission erred in refusing to consider evidence of Akina's violation of the conditions of its original CPCN.

After a thorough review of the record, we affirm the Order.

## I.

An agency's decision carries a presumption of validity, and the appellant has the heavy burden of making a convincing showing that the decision is invalid because it is unreasonable and unjust in its consequences. *Medeiros v. Hawai'i County Planning Comm'n*, 8 Haw. App. 183, 797 P.2d 59 (1990); *Kilauea Neighborhood Ass'n v. Land Use Comm'n*, 7 Haw. App. 227, 751 P.2d 1031 (1988).

---

[1] Under Hawai'i Revised Statutes (HRS) § 271–32(e) (1985), an aggrieved party may appeal from a final decision of the Commission, if the Commission has not acted on the aggrieved party's motion for reconsideration within 20 days of its filing.

An administrative agency's findings of fact are governed by the clearly erroneous standard of review; however, its conclusions of law are freely reviewable. *Dole Hawai'i Division–Castle & Cooke, Inc. v. Ramil*, 71 Haw. 419, 794 P.2d 1115 (1990). The agency's findings of fact are presumptively correct and cannot be set aside on appeal unless shown to be clearly erroneous in light of the reliable, probative and substantial evidence on the record as a whole. *Dedman v. Board of Land & Natural Resources*, 69 Haw. 255, 740 P.2d 28 (1987), *cert. denied*, 485 U.S. 1020, 108 S. Ct. 1573, 99 L. Ed. 2d 888 (1988). A court may not set aside an agency's findings unless those findings are not supported by substantial evidence in the record or unless the court is left with a definite and firm conviction that a mistake has been made. *Feliciano v. Board of Trustees of Employees' Retirement Sys.*, 4 Haw. App. 26, 659 P.2d 77 (1983). An appellate court will decline to consider the weight of the evidence presented or to review the findings of fact by passing upon the credibility of witnesses or conflicts in the testimony. *In re Application of Kaanapali Water Corp.*, 5 Haw. App. 71, 678 P.2d 584 (1984).

II.

The evidence shows that Akina provides a unique, distinctive type of tour service to a particular "target clientele," i.e., tourists, particularly Japanese tourists, who are not traveling with a tour group. Akina's service includes tours featuring *kupuna*[2] who recount Hawaiian myths and legends, teach Hawaiian songs and words, and inform the passengers about Hawai'i's flora and fauna and about the tour's various sightseeing stops. The *kupuna* also offer samples of Hawai'ian food and demonstrate lei making, Hawai'ian games, chanting, and conch shell blowing. The

---

[2] Grandparent, ancestor, relative or close friend of the grandparent's generation. M. Pukui, S. Elbert, HAWAI'IAN DICTIONARY (1986).

evidence indicates a demand for the type of tour Akina provides, and that Intervenors do not provide such tours. Additionally, Akina was sometimes called upon to provide its buses to transport other carriers' tour groups when the other carriers were short of buses. Akina's geographical limitation hindered its ability to fully service the target clientele.

The Order adopts verbatim, or in modified form, a number of Akina's proposed findings of fact [3] and states as ultimate findings of fact that (1) Akina had established a need for its services, (2) Akina's expanded services should not have a detrimental effect on Intervenors' operations, and (3) Akina is fit, willing, and able to perform its proposed services and conform to the laws regulating common carriers and to the Commission's rules.

### III.

Relying heavily on *In re Application of Charley's Tour & Transp., Inc.*, 55 Haw. 463, 522 P.2d 1272 (1974), Intervenors first argue that the Order is "affected by error of law," arbitrary and capricious, and clearly erroneous. We disagree.

The cornerstone of Intervenors' argument is that under the law established in *Charley's* and in *Watkins Motor Lines, Inc. v. United States*, 243 F. Supp. 436 (D. Neb. 1965), which was cited in *Charley's*, Akina was required to show through its evidence that (1) existing tour transportation services in the over–17 classification were inadequate, or (2) existing carriers could not meet an anticipated increase in demand. Intervenors contend that adequacy of existing services is "the controlling factor" in this

---

[3] In order to facilitate judicial review, HRS § 91–12 (1985) requires:

Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by separate findings of fact and conclusions of law. If any party to the proceeding has filed proposed findings of fact, the agency shall incorporate in its decision a ruling upon each proposed finding so presented.

determination. Specifically, Intervenors argue that the Commission's statement that, "[t]he long–term trend of increased visitor count, together with the tourist industry's aggressive strategy to market Maui, are positive indicators of the need for [Akina's] proposed service," indicates that the Commission did not consider the adequacy of existing services. We disagree.

We start by pointing out that Intervenors misread *Charley's*. In *Charley's*, the supreme court stated:

> While it is well–settled that the Commission should consider the public interest in maintaining the health and stability of existing carriers and the adequacy of existing services, *these are but two of the elements to be considered in determining public convenience and necessity.*
>
> The burden is on the applicant to show that the proposed operation not only will be of beneficial value to the community, but also a necessity. *Generally*, the applicant may meet this burden by demonstrating either a lack of adequate existing facilities to presently serve the public, or insufficient facilities to meet anticipated future demands for service.

*Charley's*, 55 Haw. at 469, 522 P.2d at 1277 (citations omitted and emphasis added). Significantly, the supreme court also stated:

> The Commission may authorize the certificate even though other existing carriers might be fit, willing, and able to furnish successfully the proposed service.

*Id.* (citation omitted).

The adequacy of existing services is not the touchstone of need; it is but one of the elements to be considered in determining public convenience and necessity. *Id.*

Our review of the Order is limited to the determination of whether the Commission has observed the requirements of the law in the conduct of its proceedings and additionally, whether the

conclusions as to public convenience and necessity have a rational basis in the facts found, which must be supported by substantial evidence on the record considered as a whole.

*Id.* at 466, 522 P.2d at 1275 (citation omitted).

The Order "admits" certain findings of fact submitted by Akina, including the following: (1) "[g]rowth in the over–17 passenger market indicates a need for another unrestricted over–17 passenger carrier on Maui[,]" and (2) "[p]resent growth in the over–17 passenger market on Maui is such that the existing over–17 passenger carriers cannot fill the need." Those findings are supported by the evidence and refute Intervenors' argument.

The Order is neither contrary to law nor clearly erroneous.[4]

## IV.

Intervenors' argument that the Commission erred in refusing to consider evidence of Akina's violation of the conditions of its previous certificate is also without merit.

The Commission stated:

[T]he [question of Akina's violation] has never been formally before the commission. We lack sufficient basis to conclude that [Akina] violated a commission directive.

Intervenors argue that the evidence is essential to the issue of whether Akina is fit, willing, and able to properly perform the service proposed and to conform to the requirements of the statutes regarding motor carriers and the Commission's regulations.

Rules 5–1 and 5–2 of the Rules of Practice and Procedure before the Public Utilities Commission (1978), respectively, provide that informal and formal complaints may be lodged with the Commission by any person against any regulated company. Both

---

[4] In view of our holding, Intervenors' argument that the Order is arbitrary and capricious because contrary to existing law and policy is without merit.

rules provide for the form and content of the complaint and procedures for their disposition.

We construe the Commission's statement to mean that (1) the question should have been raised directly through the rules' complaint procedure, rather than indirectly in this proceeding, and (2) the evidence of Akina's violation was not sufficient to defeat Akina's application. The Commission's interpretation of its own rules must be given deference by the appellate courts unless contrary to public policy, *In re Application of Wind Power Pacific Investors – III*, 67 Haw. 342, 686 P.2d 831 (1984), and the weight of the evidence was for the Commission to determine. *In re Application of Kaanapali Water Corp.*

Affirmed.

*J. Douglas Ing* and *Pamela J. Larson* (Watanabe, Ing & Kawashima, of counsel) on the briefs for intervenors–appellants.

*Diane L. Ho* and *Ruby A. Hamili* (Ho & Hamili, of counsel) on the brief for applicant–appellee Akina Bus Service, Ltd.