JO ANN STEWART, Plaintiff-Appellee, *v.* KATHLEEN B. SMITH and PACIFIC COAST INVESTMENTS, LTD., Defendants-Appellants

NO. 8660

(CIVIL NO. 6541)

MAY 10, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

In an action on a promissory note, defendants Kathleen B. Smith and Pacific Coast Investments, Limited (defendants), appeal from a judgment entered in favor of plaintiff Jo Ann Stewart (plaintiff). Defendants have basically challenged three findings of fact of the trial court. We affirm.

Plaintiff was the sole stockholder of Inter-Island Management, Inc. (Inter-Island), a company which was based in Kona,

and involved in managing real property and arranging long- and short-term rentals. On December 20, 1978, after approximately six months of negotiations, plaintiff executed an agreement with Pacific Coast Investments, Ltd. (Pacific), whereby she sold them all of Inter-Island's capital stock. The purchase price of the stock was $44,567.00, the terms being $7,141.00 in cash and the balance by way of a promissory note.[1] The stock purchase agreement contained a warranty by plaintiff against undisclosed liabilities, and a non-competition clause in which the plaintiff agreed not to directly or indirectly engage in property management or vacation rental activities in the Kona area of the island of Hawaii for a period of three years after the closing of the agreement.

On the same date, the parties executed a promissory note in the amount of $37,426.00 and a contract of employment between Inter-Island and plaintiff. The promissory note contained the terms of payment but made the payments conditional upon the satisfaction of the terms of the stock purchase agreement and employment contract.[2] The promissory note was *not* signed by any representative of Pacific Coast Investments, Limited, but was signed by Kathleen B. Smith as guarantor.[3]

Under the employment contract, plaintiff was employed as principal broker and chief operating officer of Inter-Island

---

[1] In addition to the purchase price, Pacific was to effect a substitution of itself in place of the plaintiff as guarantor on a loan from the Bank of Hawaii to Inter-Island.

[2] The promissory note stated in part:
Payment of the sums due hereunder is subject to and conditioned on Sellers [sic] performance of all Seller's obligations under that Stock Purchase Agreement dated December 20, 1978 between JO ANN STEWART (Seller) and PACIFIC COAST INVESTMENTS, LTD., (Buyer), and Seller's performance under the employment contract entered into between Seller and Buyer. Any and all damages suffered by Buyer as a result of any breach by Seller shall be set off against the sums due hereunder.

[3] The trial court found that Smith had agreed to become a guarantor of the note even though Pacific had not executed the note. This finding was not raised as error on appeal and we decline to further discuss it.

beginning December 20, 1978.[4] The contract also included a non-competition clause for a period of three years from the date of the commencement of employment.[5]

Monthly payments on the promissory note were made as required for approximately 1-3/4 years. Prior to the payment due on September 1, 1980, plaintiff received notice from defendants that they were ceasing payments because of an alleged breach of the stock purchase agreement.

On September 29, 1980 plaintiff brought this suit on the promissory note. Defendants answered and counter-claimed for damages based on the breach of the non-competition clause and the warranty clause of the stock purchase agreement.[6]

On March 16, 1981 plaintiff moved for summary judgment on her claim and for dismissal of defendants' counter-claim. After hearing, the court entered an order on May 19, 1981 which denied plaintiff's motion for summary judgment but dismissed defendants' counter-claim and affirmative defense based on undisclosed liabilities.[7] On May 18, 1981 plaintiff filed another motion for summary judgment on her claim and the defendant's remaining counter-claim. This motion was denied in an order entered on June 12, 1981.

On October 22, 1981 a two-day jury-waived trial was commenced, and the court entered its Findings of Fact and Conclusions of Law on December 19, 1981. On February 8, 1982, a

---

[4] The contract was not executed by Inter-Island and stated that employment was to terminate on May 31, 1978, although it was executed on December 20, 1978. The termination date is obviously a typographical error.

[5] The employment contract stated in part:

8. Employee agrees, for a period of three (3) years from the date of commencement of employment hereunder, not to directly or indirectly engage in property management or vacation rental activities or any similar competitive business except for real estate sales, in the Kona area of the Island of Hawaii.

[6] Defendants argued later that plaintiff had violated the non-competition agreement in both the stock purchase agreement and the employment contract.

[7] In dismissing the counter-claim, the court considered the pleadings, affidavits, and exhibits in the record. The court in fact treated the motion to dismiss as one for summary judgment, see Rule 12(b), Hawaii Rules of Civil Procedure (1972, as amended), and the order of dismissal was really a grant of summary judgment.

money judgment was entered against defendants jointly and severally. A timely appeal followed.

Defendants raise as error three findings of fact made by the court. These findings are:

5. The Court finds that the Defendants, and each of them have failed to make the September 1, 1980 and any and all payments thereafter and that there is now due and owing on said note the sum of $14,253.00 plus interest at the rate of 12% since September 1, 1980.[8] [Footnote added.]

\* \* \*

9. The Court further finds that the Plaintiff did perform all covenants, conditions and obligations on behalf of the Plaintiff to be performed in connection with said stock purchase agreement.

10. The Court finds that an employment contract was entered into by and between the Plaintiffs [sic] and the Defendants and that the Plaintiff did perform all conditions, covenants and obligations on behalf of the Plaintiff to be performed.

A trial court's findings of fact will not be set aside unless they are clearly erroneous. Rule 52(a), Hawaii Rules of Civil Procedure (1980, as amended); *Haworth v. State,* 3 Haw. App. 281, 650 P.2d 583 (1982); *Harris v. State,* 1 Haw. App. 554, 623 P.2d 446 (1981); *Nordmark v. Hagadone,* 1 Haw. App. 487, 620 P.2d 763 (1980); *American Security Bank v. Read Realty, Inc.,* 1 Haw. App. 161, 616 P.2d 237 (1980). Findings of fact are clearly erroneous if they are not supported by substantial evidence in the record. *Yorita v. Okumoto,* 3 Haw. App. 148, 643 P.2d 820 (1982). Substantial evidence is credible evidence of a sufficient quantity and probative value to justify a reasonable man in reaching a conclusion. *Shoemaker v. Takai,* 57 Haw. 599, 561 P.2d 1286 (1977). Even where there is evidence in the record to support the trial court's decision, a finding of

---

[8] Defendants concede in their opening brief that the remaining $14,253.00 balance of the promissory note has not been paid.

fact is clearly erroneous where the reviewing court, upon examination of all evidence, is left with the definite and firm conviction that a mistake has been made. *Waugh v. University of Hawaii,* 63 Haw. 117, 621 P.2d 957 (1980); *Kim v. State,* 62 Haw. 483, 616 P.2d 1376 (1980).

Our review of the record indicates that there is substantial evidence to support the finding by the trial court that plaintiff did fulfill all covenants, conditions and obligations of the employment contract and stock purchase agreement and we do not believe any mistake was made.

Defendants also assert that the trial court erred in failing to make certain findings requested by them. They contend that the court should have adopted their proposed findings of fact 11, 12, 13, and 14. However, the record does not indicate that defendants submitted any proposed findings of fact to the court. A certificate of service filed by defendants on October 5, 1981, indicates that a copy of defendants' Findings of Fact and Conclusions of Law were hand delivered to plaintiff's attorney on October 9, 1981, but there is nothing in the record to indicate that a copy was filed with the court.

An appellate court will not consider matters not appearing in the record. *Pickering v. State,* 57 Haw. 405, 557 P.2d 125 (1976); *Orso v. City and County of Honolulu,* 55 Haw. 37, 514 P.2d 859 (1973). Consequently, the record being devoid of defendants' proposed findings, we refuse to consider the asserted error. *See Sanders v. Point After, Inc.,* 2 Haw. App. 65, 626 P.2d 193 (1981).

The defendants' final contention is that the court erred in awarding judgment for the balance of the note ($14,253.00), interest, attorney's fees and costs. We find that this asserted error is merely a replication of the issues discussed above and there is no merit to defendants' contention.

Affirmed.

*Max D. Crittenden* (*Crittenden & Love* of counsel) for defendants-appellants.

*Richard L. Tretheway* (*Arthur A. Corrales* and *Ray H. Olmstead* with him on the briefs) for plaintiff-appellee.