NANI KOOLAU COMPANY, Plaintiff-Appellee, Cross-Appellant, *v.* K & M CONSTRUCTION, INC., Defendant, Third-Party Plaintiff-Appellant, Cross-Appellee, *v.* I & I INVESTORS & ASSOCIATES and JAMES PHILIP ING, aka PHILIP ING, Third-Party Defendants

NO. 9037

(CIVIL NO. 63958)

APRIL 6, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant K & M Construction, Inc. (K & M), appeals from a judgment entered against it in a breach of contract action brought by plaintiff Nani Koolau Company (Nani Koolau). We affirm. Nani Koolau cross-appeals from the trial court's denial of its request for costs and attorney's fees. We reverse and remand in part. We will address each appeal seriatim.

Nani Koolau is a registered general partnership whose partners include I & I Investors & Associates (I & I), a general partnership, Milton Sher (Sher), an architect, and K & M, a Hawaii corporation and general contractor. On April 7, 1977, Nani Koolau and K & M entered into a contract which required K & M to construct a residential apartment building on a parcel of land located in Kaneohe. The contract included the grading of the land and construction of a retaining wall on one corner of the property.

After the apartment building was substantially completed,[1] K & M began grading and filling the property. At that time, K & M discovered that a grading permit had not been obtained from the City and County of Honolulu and the work was halted. K & M hired William Hee & Associates, Inc. (Hee), an engineering firm, to obtain a grading permit using the project's construction plans prepared by Sher, but Hee was unsuccessful. Although there is nothing in the record to indicate why the grading permit could not be obtained, the evidence indicates that Sher's grading plans were never approved by the City.

The partners of Nani Koolau met in January of 1979 to discuss the problems related to the plans and Philip Ing (Ing) of I & I assumed the responsibility for solving those problems. Park Engineering, Inc. (Park), was retained by Nani Koolau to prepare new plans for the wall, and to obtain the grading permit.[2]

---

[1] In September of 1978, a notice of completion of the contract, pursuant to Hawaii Revised Statutes (HRS) § 507-43(f), was published. Herbert Murray (Murray) of K & M testified that construction was substantially completed at that time but that some construction continued up to January 1979.

[2] Ing testified that he hired Park after the January 1979 meeting. However, Melvin M. Suzuki (Suzuki) of Park testified that he became associated with the project in the latter part of 1978 when Park was retained by Ing.

Park's new plans were approved by the City "for grading only." In June of 1980, Nani Koolau demanded that K & M construct the retaining wall as designed by Park. K & M refused and Nani Koolau thereafter awarded the contract for the completion of the grading of the property and construction of the wall to Haitsuka Brothers, Ltd. (Haitsuka), on its low bid of $35,729. The construction was completed by Haitsuka, and Nani Koolau brought this action to recover damages for K & M's alleged breach of contract.[3]

After a bench trial, the court, on September 3, 1982, rendered its findings of fact, conclusions of law and judgment for $38,480.03 in favor of Nani Koolau.[4] These appeals followed.

### K & M'S APPEAL

K & M contends that: (1) findings of fact 10, 12, 21, and 22 are insufficient as they do not adequately reflect the evidence presented and finding of fact 17 is clearly erroneous; and (2) conclusions of law 1, 2, 4, 5, 8, and 12 are incorrect. We find no error and affirm.

### (1)

A trial court's findings of fact will not be set aside unless (1) the findings are not supported by substantial evidence and are, consequently, clearly erroneous or (2) a reviewing court, upon examination of all the evidence, is left with a definite and firm conviction that a mistake has been made. *Krohnert v. Yacht Systems Hawaii, Inc.,* 4 Haw. App. 190, 664 P.2d 738 (1983); *Stewart v. Smith,* 4 Haw. App. 185, 662 P.2d 1121 (1983); *Haworth v. State,* 3 Haw. App. 281, 650 P.2d 583 (1982); *Geldert v. State,* 3 Haw. App. 259, 649 P.2d 1165 (1982).

Where the determination of an issue depends upon the credibility of witnesses, the scope of review of an appellate court is limited

---

[3] Although it never constructed the wall, K & M was paid the full contract price of $4,429,000.

[4] The judgment dismissed K & M's third-party complaint against I & I and Ing. K & M has not appealed that dismissal.

by the due regard given to the opportunity of the trial court to judge the credibility of witnesses. *Marshall v. Kirkland,* 602 F.2d 1282 (8th Cir. 1979). *See* Rule 52(a), Hawaii Rules of Civil Procedure (HRCP) (1972, as amended); 5A Moore & Lucas, MOORE's FEDERAL PRACTICE ¶ 52.03[1] (1982). "An appellate court will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence; this is the province of the trial judge." *Shannon v. Murphy,* 49 Haw. 661, 667, 426 P.2d 816, 820 (1967). *See also MPM Hawaiian, Inc. v. Amigos, Inc.,* 63 Haw. 485, 630 P.2d 1075 (1981); *Molokoa Village Development Co. v. Kauai Electric Co.,* 60 Haw. 582, 593 P.2d 375 (1979); *Lennen & Newell, Inc. v. Clark Enterprises, Inc.,* 51 Haw. 233, 456 P.2d 231 (1969). *Cf. Shinn v. Edwin Yee, Ltd.,* 57 Haw. 215, 553 P.2d 733 (1976).

Where an appellant alleges that the trial court failed to make adequate findings of fact, the appellate court will examine all the findings, as made, to determine whether they are (1) supported by the evidence; and (2) sufficiently comprehensive and pertinent to the issues in the case to form a basis for the conclusions of law. *Palama v. Sheehan,* 50 Haw. 298, 440 P.2d 95 (1968); *Shannon v. Murphy,* 49 Haw. 661, 426 P.2d 816 (1967); *Ventura v. Grace,* 3 Haw. App. 371, 650 P.2d 620 (1982); *Scott v. Contractors License Board,* 2 Haw. App. 92, 626 P.2d 199 (1981). If those findings include sufficient subsidiary facts to disclose to the reviewing court the steps by which the lower court reached its ultimate conclusion on each factual issue, then the findings are adequate. *See Tugaeff v. Tugaeff,* 42 Haw. 455 (1958).

K & M argues that findings of fact 10, 12, 21, and 22[5] are

---

[5] Findings of fact 10, 12, 21, and 22 read as follows:

10. Plaintiff and Defendant had discussions concerning the subject retaining wall, which discussions related primarily to reduction of the construction cost thereof.

12. After Defendant's failure to construct the retaining wall, Plaintiff hired an engineer to draw plans for the retaining wall as required by the changed conditions due to the grading done by Defendant.

21. Defendant had the obligation to obtain and secure all necessary governmental permits and licenses for the proper completion of the construction pursuant to paragraph 4.7.1 of the General Conditions of the Contract for Construction (Ex. P-2).

22. Pursuant to the terms of the Contract, Plaintiff had the right to contract out construction of the retaining wall after Defendant failed to construct the same pursuant to the terms of the Contract.

inadequate because the court failed to include any findings relating to K & M's defenses that (1) Nani Koolau had failed to obtain city approval of the grading plans, and as a result, K & M was unable to obtain a grading permit and could not construct the wall; and (2) K & M was relieved of further responsibility to construct the wall when Ing undertook to solve the problems involving the plans.

However, in finding of fact 17, the trial court specifically found that, "[t]here is no credible evidence to support any of the defenses," raised by K & M. That finding succinctly classified as unbelievable all the evidence produced by K & M in support of its defenses. Such being the case, it was impossible for the court to have made the findings urged by K & M.

K & M contends, however, that finding of fact 17 is clearly erroneous. We disagree. The record contains evidence both supporting and opposing K & M's defenses. The court found that the evidence in support of the defenses was unbelievable, and that determination will not be reviewed on appeal. *See Molokoa Village Development Co. v. Kauai Electric Co., supra.*

(2)

A conclusion of law is not binding upon an appellate court and is freely reviewable. *Molokoa Village Development Co. v. Kauai Electric Co., supra.* However, a finding of ultimate fact which is labeled a conclusion of law is binding upon the appellate court unless it is clearly erroneous. *Id.* A conclusion of law which is supported by the trial court's findings of fact and which reflects an application of the correct rule of law will not be overturned. *Friedrich v. Department of Transportation,* 60 Haw. 32, 586 P.2d 1037 (1978); *Lee v. Kimura,* 2 Haw. App. 538, 634 P.2d 1043 (1981). *See also Morris v. Frandsen,* 101 Idaho 778, 621 P.2d 394 (1980); *Fahrenwald v. LaBonte,* 103 Idaho 751, 653 P.2d 806 (Idaho App. 1982); *Ross v. Ringsby,* 94 N.M. 614, 614 P.2d 26 (N.M. App. 1980); *Morgan v. Prudential Insurance Co. of America,* 86 Wash. 2d 432, 545 P.2d 1193 (1976).

Conclusions of law 1, 4, and 5[6] attacked by K & M are really

---

[6] Conclusions of law 1, 4, and 5 read as follows:
    1. Plaintiff has established all of the material allegations of its Complaint.
    4. The amount of $35,729.00 paid by Plaintiff to Haitsuka Brothers, Ltd. for

findings of ultimate fact, all of which are supported by substantial evidence in the record. *Molokoa Village Development Co. v. Kauai Electric Co., supra.* Conclusions 2, 8 and 12[7] are ultimate determinations of liability made by the court and based upon its application of the pertinent legal precepts to its findings of fact. They are clearly supported by the findings of fact and result from the correct application of the law.

## NANI KOOLAU'S APPEAL

In its cross-appeal, Nani Koolau argues that the trial court erred (1) in denying its request to recover its costs for the depositions of Robert Kay (Kay), Ing, and Suzuki; and (2) in awarding it attorney's fees pursuant to HRS § 607-14,[8] rather than HRS

---

construction of the retaining wall is reasonable.

5. Defendant failed to support by any credible evidence any of its defenses other than Plaintiff's failure to mitigate damages so far as the same relate to the engineering costs for redesigning the retaining wall.

[7] Conclusions of law 2, 8 and 12 are:

2. By failing to build the subject retaining wall, Defendant breached the terms of the Contract.

8. Plaintiff is entitled to judgment against Defendant in the amount of $35,729.00, together with interest from the date Plaintiff paid the same, plus costs and attorney's fees as authorized by statute.

12. Judgment shall be entered in favor of Plaintiff in accordance herewith.

[8] HRS § 607-14 (1976) reads as follows:

Attorneys' fees in actions in the nature of assumpsit. In all the courts, in all actions in the nature of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, a fee which the court determines to be reasonable but which shall not exceed the amount obtainable under the following schedule:

25 per cent on first $1,000 or fraction thereof.
20 per cent on second $1,000 or fraction thereof.
15 per cent on third $1,000 or fraction thereof.
10 per cent on fourth $1,000 or fraction thereof.
5 per cent on fifth $1,000 or fraction thereof.
2.5 per cent on any amount in excess of $5,000.

The above fees shall be assessed on the amount of the judgment exclusive of costs and all attorney's fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment. The fees provided for by this section shall not be taxed in any action where the plaintiff obtains a judgment which includes

§ 607-17.[9] We affirm, except for the denial of the cost of Kay's deposition.

## (1)

A party may not recover the cost of obtaining a copy of a deposition taken by another party. *See Smothers v. Renander,* 2 Haw. App. 400, 633 P.2d 556 (1981). Recoverable costs are limited to the cost of the original of the deposition and do not include the expense of duplicate copies obtained for convenience of counsel.[10] *Turner v. Willis,* 59 Haw. 319, 582 P.2d 710 (1978).

Where the prevailing party has taken the deposition, the cost of the original deposition may be taxed when it is deemed reasonable.

---

attorneys' fees upon a promissory note or other evidence of indebtedness, when the promissory note or other evidence of indebtedness contains a provision for the recovery of costs of collection or attorneys' fees.

[9] HRS § 607-17 (1976) reads as follows:

Attorney's fees when provided for in promissory notes, etc. Any other law to the contrary notwithstanding, where an action is instituted in the district or circuit court on a promissory note or other contract in writing which provides for an attorney's fee the following rates shall prevail and shall be awarded to the successful party, whether plaintiff or defendant:

(1) Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed;

(2) Where the note or other contract in writing provides for a rate less than twenty-five per cent, not more than the specified rate shall be allowed; provided that the fee allowed in any of the above cases shall not exceed that which is deemed reasonable by the court.

Any law to the contrary notwithstanding, no such attorney's fee shall be allowed to the plaintiff by any court:

(1) If prior to or at the time the debt was incurred, the debtor did not sign an instrument in writing which provided for the payment of an attorney's fee; and

(2) If prior to or at the time the debt was incurred, the debtor did sign an instrument in writing which provided for the payment of an attorney's fee and such instrument in writing contains within its principal amount any attorney's fee from a prior debt.

[10] Query whether a party who has not taken the deposition, may recover his cost of obtaining a duplicate copy where the original deposition has not been filed with the court. *See* HRCP, Rule 5(f) (effective March 16, 1984) and Rule 30(f) (1972, as amended).

*See* HRS §§ 624-35 (1976), 607-9 (1976); Rule 54(d), HRCP (1972, as amended). A determination of reasonableness is within the discretion of the trial court and is dependent upon whether the deposition was necessarily obtained for use in the case. *Geldert v. State, supra.* Whether a deposition was "necessarily obtained for use in the case" hinges upon the trial court's factual evaluation of the course and progress of the proceeding and the nature of the evidence. 3 Haw. App. at 269, 649 P.2d at 1172.

In the instant case, the court denied Nani Koolau's request for recovery of the costs of Ing's and Suzuki's depositions on the basis that the depositions were not used at trial. The court's reason was erroneous, because recovery of the cost of a deposition is not exclusively contingent upon its use at trial. *Geldert v. State, supra.* However, the trial court's decision was correct and will not be overturned. *Agsalud v. Lee,* 66 Haw. 425, 664 P.2d 734 (1983); *Keawe v. Hawaiian Electric Co.,* 65 Haw. 232, 649 P.2d 1149 (1982); *Bloudell v. Wailuku Sugar Co.,* 4 Haw. App. 498, 669 P.2d 163 (1983).

The record indicates that the depositions of Ing and Suzuki were taken by K & M and that Nani Koolau was attempting to recover its expense of purchasing copies of those depositions. Such costs are unrecoverable. *See Turner v. Willis, supra; Smothers v. Renander, supra.*

On the other hand, Kay's deposition was taken by Nani Koolau, and the cost thereof may be recovered if the deposition was necessarily obtained for use in the case. *See Geldert v. State, supra.* However, the record does not reveal whether the trial court applied the *Geldert* test to Nani Koolau's request. We, therefore, vacate that portion of the order denying Nani Koolau's request for recovery of the cost of Kay's deposition and remand for the trial court to make the necessary determination and to rule accordingly.

(2)

Nani Koolau's second point of error is without merit. The court below awarded attorney's fees to Nani Koolau pursuant to HRS § 607-14, which relates to attorney's fees in actions in the nature of assumpsit. Nani Koolau argues that attorney's fees should have been awarded based upon HRS § 607-17, which prescribes the maximum recoverable fees where the contract sued upon provides

for the award of reasonable attorney's fees. The contract in the instant case did not provide for the recovery of attorney's fees in case of suit[11] and the trial court made the award of attorney's fees under the proper statute.

## CONCLUSION

That portion of the judgment below which denied Nani Koolau's request to recover the cost of the deposition of Robert Kay is vacated and that matter is remanded to the court below for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

*Mervyn W. Lee* for defendant, third-party plaintiff-appellant, cross-appellee.

*Neil F. Hulbert (Hong, Iwai, Ho* and *Hulbert* of counsel) for plaintiff-appellee, cross-appellant.

---

[11] The contract provides for attorney's fees where arbitration has taken place, but there was no arbitration in this case.