**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANE DORN-KERRI, | No. 09-55066 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-01754-NLS |
| v. | |
| SOUTHWEST CANCER CARE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Nita L. Stormes, Magistrate Judge, Presiding[**]

Submitted May 25, 2010[***]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, appellant's request for oral argument is denied.

Diane Dorn-Kerri appeals pro se from the district court's summary judgment in her action alleging employment discrimination and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003). We may affirm on any ground supported by the record, *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on the race discrimination claim because Dorn-Kerri failed to raise a triable issue as to whether defendant's legitimate, nondiscriminatory reasons for terminating her were pretext for discrimination. *See Leong*, 347 F.3d at 1124-25.

The district court properly granted summary judgment on the hostile work environment claim because Dorn-Kerri failed to raise a triable issue as to whether her supervisors' conduct was based on her race or was sufficiently severe or pervasive to alter the conditions of her employment. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108-09 (9th Cir. 2008).

Summary judgment was proper on the Title VII retaliation claim regarding alleged unlawful billing practices because Title VII does not cover billing practices. *See Learned v. City of Bellevue*, 860 F.2d 928, 932-33 (9th Cir. 1988) (affirming summary judgment for employer on Title VII retaliation claim where

plaintiff did not complain about conduct prohibited by Title VII). To the extent Dorn-Kerri alleged a claim for retaliation under the False Claims Act ("FCA") regarding alleged unlawful billing practices, summary judgment was proper because she failed to raise a triable issue as to whether she was engaged in protected activity under the FCA and whether defendant terminated her because of protected conduct. *See United States ex rel Hopper v. Anton*, 91 F.3d 1261, 1269-70 (9th Cir. 1996) (listing elements of a prima facie case of retaliation under the FCA and concluding that employer was entitled to judgment as a matter of law on retaliation claim where plaintiff was not engaged in protected activity under the FCA).

We do not consider Dorn-Kerri's claim that she was retaliated against for complaining to the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission because it was not adequately raised in the district court. *See Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1111 n.2 (9th Cir. 2001).

The district court did not abuse its discretion by denying Dorn-Kerri's motion to compel discovery because defendant established that the information sought was not in its possession, custody, or control. *See* Fed. R. Civ. P. 34(a) (allowing discovery of information or documents in the responding party's

possession, custody, or control); *cf. Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 415 (9th Cir. 1978) (concluding that the district court did not abuse its discretion by not imposing sanctions for party's failure to produce records that no longer existed).

The district court did not abuse its discretion by denying Dorn-Kerri's request for appointment of counsel. *See Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-17 (9th Cir. 1994) (per curiam).

In light of our May 29, 2009 order denying appointment of counsel and stating that no motions for reconsideration shall be filed or entertained, we do not consider Dorn-Kerri's request for appointment of counsel on appeal.

Dorn-Kerri's remaining contentions are unpersuasive.

**AFFIRMED.**