**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000098
10-APR-2023
08:17 AM
Dkt. 84 SO**

NO. CAAP-19-0000098

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SA, Plaintiff-Appellee, v.
AE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-M NO. 18-1-0001)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Defendant-Appellant AE (**Father**), self-represented, appeals from the January 24, 2019 Order Granting Plaintiff's Motion to Establish Child Custody, Visitation, Child Support and Property Division (**Custody Order**), entered in the Family Court of the First Circuit (**Family Court**).[1]

Father raises four points of error on appeal, contending that the Family Court erred by: (1) finding Father was in default; (2) failing to enter written findings of fact (**FOFs**) and conclusions of law (**COLs**); (3) awarding Plaintiff-Appellee SA (**Mother**) sole legal and physical custody of their child (**Child**); and (4) imposing restrictions upon Father.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1]  The Honorable Kevin T. Morikone presided.

the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows:

(1) The Family Court did not err by finding Father was in default for failing to appear. "There is no question that parents in Hawaiʻi have a substantive liberty interest in the care, custody, and control of their children protected by the due process clause of article 1, section 5 of the Hawaiʻi Constitution" and that "[d]ue process also requires that parents be afforded notice and an opportunity to be heard at a meaningful time and in a meaningful manner before their significant parental rights are denied." Stump v. Stump, CAAP-12-0001056, 2014 WL 1744081, *6 (Haw. App. Apr. 30, 2014) (mem. op.) (citations and internal quotation marks omitted). Nonetheless, "[c]ourts have inherent power to control the litigation process, to curb abuses, and to promote a fair process, which includes the imposition of the sanction of dismissal in severe circumstances." Tamman v. Tamman, CAAP-13-0000109, 2015 WL 9594740, *4 (Haw. App. Dec. 31, 2015) (mem. op.) (citation omitted). "The sanction of default is a harsh one and is not favored." Id. at *5 (citation omitted). "However, a trial court has discretion in imposing sanctions, including default, for violations of its orders, and we review the court's imposition of sanctions for abuse of discretion." Id. "In determining whether the sanction of dismissal constituted an abuse of discretion, we look to the entire procedural history of the case." Id. (citations omitted).

Rule 55(b) of the Hawaiʻi Family Court Rules (**HFCR**) states:

> **(b) Judgment.** In a contested or uncontested action, where it appears from the record and by testimony (or by affidavit or declaration in an uncontested matrimonial action) that the adverse party has been duly served with the complaint or dispositive motion, and the adverse party has failed to appear or otherwise defend as provided by these Rules, the court may grant an entry of default and proceed with a proof hearing, when a hearing is required, and enter a default judgment. No judgment by default shall be entered against a minor or incompetent person unless represented in the action by a guardian, or other such representative who has appeared therein, and upon whom service may be made under Rule 17(c) of these rules.

Contrary to Father's assertion that he "did not fail to show," Father failed to appear at the January 2, 2019 hearing for disposition of Plaintiff's Motion to Establish Child Custody, Visitation, Child Support and Property Division (**Motion to Establish Child Custody**) and a Motion to Transfer Custody Proceedings to Courts in the Virgin Islands (**Motion to Transfer**), which were dispositive motions in the case.

On January 2, 2019, less than half an hour prior to the scheduled hearing on the motions at 8:30 a.m., Father faxed a "Notice of Inability to Appear" to the Family Court. Father stated he would not be able to appear in person at the hearing because he lived in St. Croix, Virgin Islands, his attorney was not able to be admitted to practice in Hawaiʻi in time for the hearing, it was too expensive, and "[i]t was practically impossible for me to arrange travel to Hawaii to attend the hearing set for January 2, 2019. All flights were booked."

Father does not dispute that he did not call the Family Court to appear by telephone. Father instead states the Family Court did not contact him, and he had provided his contact

3

information and was available by telephone. Father's Notice of Inability to Appear did not request a continuance, request to appear by telephone, state he was available by telephone, provide his telephone number, or request that the Family Court call him.

The Family Court did not abuse its discretion by defaulting Father, in light of all of the circumstances of this case. Nearly nine months earlier, on March 21, 2018, at the initial hearing on the Motion to Establish Child Custody, Father and his attorney from the Virgin Islands appeared by telephone without the Family Court's prior approval; nevertheless, Father was allowed to appear by telephone only for the next hearing, after the matter was continued, and Father was instructed to make an appropriate and proper request if he further desired to appear by telephone. The Family Court also prohibited Father's Virgin Islands counsel, who was not licensed to practice law in Hawaiʻi, from representing Father in these proceedings.

On March 23, 2018, the Family Court entered a written order on Father's request to appear telephonically or by video conference. The order noted that Father's request with respect to all proceedings was not approved, but that Father's appearance by telephone for the March 21, 2018 hearing was approved.

On June 27, 2018, Father failed to appear for a hearing on the still-pending motions. Instead, Father sent the Family Court an ex-parte communication by fax to request a continuance. Over Mother's objections, a further continuance was ordered. The Family Court entered a June 27, 2018 Order Re: (1) [Motion to Establish Child Custody], (2) [Motion to Transfer], and (3)

4

Motion to Continue Hearing set for 6/27/18, and stated "Defendant shall physically appear in-person at the Kapolei Courthouse in Hawaii at the continued hearing on October 3, 2018 at 8:30 am (4675 Kapolei Parkway, Kapolei, Hawaii). Defendant's failure to appear in person physically may result in the court entering default judgment against Defendant & awarding Plaintiff with her requested relief including legal fees & costs."

On October 3, 2018, the Family Court entered an Order Re: (1) [Motion to Establish Child Custody] and (2) [Motion to Transfer Custody], which noted that Father appeared by telephone over Mother's objection. The Family Court ordered Father to serve documents sent to the court on Mother's attorney, and the hearing was continued to January 2, 2019. Father's new attorney also appeared by phone,[2] but was only allowed to listen to the proceeding, again over the objection by Mother.

On January 2, 2019, as noted above, Father did not appear in person, ask for a continuance, or appear by telephone, even without prior authorization, which he had done previously. Father was aware of his counsel's inability to appear before the Family Court but failed to obtain an attorney who was licensed to do so. Father must have also been aware that he would not be appearing in person on January 2, 2019, well in advance of a half hour prior to the hearing since he was not traveling from the Virgin Islands to Hawaiʻi. Father nevertheless chose to only inform the Family Court immediately prior to the hearing. Based

---

[2] Although no transcript was provided to this court, it appears that the new attorney was not licensed to practice law in Hawaiʻi.

on the entire procedural history of the case, we conclude that the Family Court did not abuse its discretion by defaulting Father for failing to appear, either in person or by telephone on January 2, 2019.

(2) The Family Court did not fail to enter written FOFs and COLs. On June 19, 2019, the Family Court entered its FOFs and COLs. Although Father filed his Opening Brief prior to the entry of the FOFs and COLs, Father again contended in his Reply Brief, filed on August 13, 2019, that the Family Court made no findings, despite being informed in Mother's Answering Brief that the FOFs and COLs were in fact entered. Father did not, at any point, request leave to amend or supplement his Opening Brief to challenge any specific FOF or COL and did not point to any FOF or COL in his Reply Brief. Father's second point of error is without merit.

(3) Father contends that the Family Court failed to make any findings to support awarding sole legal and physical custody to Mother and submits that there was no evidence he was an unfit parent to justify not awarding joint custody.

> Where an appellant alleges that the trial court failed to make adequate findings of fact, the appellate court will examine all the findings, as made, to determine whether they are (1) supported by the evidence; and (2) sufficiently comprehensive and pertinent to the issues in the case to form a basis for the conclusions of law. If those findings include sufficient subsidiary facts to disclose to the reviewing court the steps by which the lower court reached its ultimate conclusion on each factual issue, then the findings are adequate.

Rezentes v. Rezentes, 88 Hawaiʻi 200, 203, 965 P.2d 133, 136 (App. 1998) (quoting Nani Koolau Co. v. K & M Constr., 5 Haw. App. 137, 140, 681 P.2d 580, 584 (1984)). "The trial judge is

required to only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts." Id. (citing Doe IV v. Roe IV, 5 Haw. App. 558, 565, 705 P.2d 535, 542 (1985)).

Hawaii Revised Statutes (**HRS**) § 571-46(a)(1) (2018) states:

> **§ 571-46  Criteria and procedure in awarding custody and visitation; best interest of the child.** (a) In actions for divorce, separation, annulment, separate maintenance, or any other proceeding where there is at issue a dispute as to the custody of a minor child, the court, during the pendency of the action, at the final hearing, or any time during the minority of the child, may make an order for the custody of the minor child as may seem necessary or proper.  In awarding the custody, the court shall be guided by the following standards, considerations, and procedures:
>
> > (1)  Custody should be awarded to either parent or to both parents according to the best interests of the child, and the court also may consider frequent, continuing, and meaningful contact of each parent with the child unless the court finds that a parent is unable to act in the best interest of the child[.]

The ultimate finding as to what is in the best interest of a child with respect to custody is subject to the clearly erroneous standard of review. Fisher v. Fisher, 111 Hawaiʻi 41, 49, 137 P.3d 355, 363 (2006) (citation omitted).

In addition, "[a] judgment by default shall not be different in kind from or exceed in amount that which was prayed for in the demand for judgment."  HFCR Rule 54(c).

Here, the Family Court concluded that the Custody Order "was entered in the child's best interest based upon [Mother's]

7

declarations filed with the court." <u>See</u> COL 14.[3]  Mother requested she be awarded sole legal and physical custody and submitted a declaration detailing the family history involving Father.  The Family Court's award of sole legal and physical custody to Mother was based in part upon Father's default and did not exceed the relief requested by Mother.  COL 14 sufficiently stated the custody award was based on Mother's declarations and was in the best interest of the child.

The Family Court's award of sole legal and physical custody to Mother is supported by the record.  Mother stated in her declaration that she was the victim of domestic violence by Father; specifically, he would slap her and Child when upset, he cursed at her, called her names, made threats to her, threatened to take Child away so she would never see Child again, would withhold money to control her and would not allow her to leave the family residence to buy food or take Child to a doctor. Mother moved to Hawaiʻi with Child where mother was raised and had extended family.  Child spent time with aunts, uncles, and cousins and lived with Mother and Maternal Grandparents, and Child attended preschool and participated in extracurricular activities such as gymnastics and soccer.

---

[3]  The labeling of a finding of fact as a conclusion of law and vice versa is freely reviewable by the appellate courts. <u>Kilauea Neighborhood Ass'n v. Land Use Comm.</u>, 7 Haw. App. 227, 229, 751 P.2d 1031, 1034 (1988) (accuracy of label affixed by an agency is a finding of fact or conclusion of law is freely reviewable by reviewing courts) (citing <u>Molokoa Village Dev. Co. v. Kauai Elec. Co.</u>, 60 Haw. 582, 593 P.2d 375 (1979)).  Thus, COL 14 may be reviewed as an FOF.

Based upon the relevant factors in HRS § 571-46(b)[4] and

<hr>

[4]    HRS § 571-46(b) states:

  (b) In determining what constitutes the best interest of the child under this section, the court shall consider, but not be limited to, the following:

(1) Any history of sexual or physical abuse of a child by a parent;

(2) Any history of neglect or emotional abuse of a child by a parent;

(3) The overall quality of the parent-child relationship;

(4) The history of caregiving or parenting by each parent prior and subsequent to a marital or other type of separation;

(5) Each parent's cooperation in developing and implementing a plan to meet the child's ongoing needs, interests, and schedule; provided that this factor shall not be considered in any case where the court has determined that family violence has been committed by a parent;

(6) The physical health needs of the child;

(7) The emotional needs of the child;

(8) The safety needs of the child;

(9) The educational needs of the child;

(10) The child's need for relationships with siblings;

(11) Each parent's actions demonstrating that they allow the child to maintain family connections through family events and activities; provided that this factor shall not be considered in any case where the court has determined that family violence has been committed by a parent;

(12) Each parent's actions demonstrating that they separate the child's needs from the parent's needs;

(13) Any evidence of past or current drug or alcohol abuse by a parent;

(14) The mental health of each parent;

(15) The areas and levels of conflict present within the family; and

(16) A parent's prior wilful misuse of the protection from abuse process under chapter 586 to gain a tactical advantage in any proceeding involving the custody determination of a minor.  Such wilful misuse may be considered only if it is established by clear and convincing evidence, and if it is further found by clear and convincing evidence that in the particular family circumstance the wilful misuse tends to show that, in the future, the parent who engaged in the wilful misuse will not be able to cooperate successfully with the other parent in their shared responsibilities for the child. The court shall articulate findings of fact whenever relying upon this factor as part of its determination of the best interests of the child.  For the purposes of this section, when taken alone, the voluntary dismissal of a petition for protection from abuse shall not be treated as prima facie evidence that a wilful

(continued...)

Mother's statements in her declaration, the Family Court's finding that it was in the Child's best interest that sole legal and physical custody be awarded to Mother was not clearly erroneous.

Father quotes In re Guardianship of Doe, 93 Hawaiʻi 374, 381-84, 4 P.3d 508, 515-18 (App. 2000), as stating "in the absence of a valid court order to the contrary, the parents are equally entitled to the child's custody . . . unless it clearly appears they are unfit," to support his argument that lack of a finding he was an unfit parent requires an award of joint custody. In re Guardianship of Doe is inapplicable because this case does not involve an award of custody to a non-parent. Id. at 381, 4 P.3d at 515. "Hawaiʻi courts have consistently adhered to the best interests of the child standard as paramount when considering the issue of custody." Fisher, 111 Hawaiʻi at 50, 137 P.3d at 364. Sole or joint custody is based on the child's best interest and a lack of finding of parental unfitness does not entitle a parent to joint custody.

(4) Father contends there are no justifications for all of the restrictions, conditions, and prohibitions imposed on him by the January 24, 2019 order. Citing AC v. AC, 134 Hawaiʻi 221, 339 P.3d 719 (2014), Father again claims that the Family Court should not have awarded Mother sole legal and physical custody because parents should be provided a full and fair opportunity to present their case in custody decisions because it

_____

[4]/(...continued)
misuse of the protection from abuse process has occurred.

10

is in the best interest of the child to maintain meaningful contact with both parents.  Father also contends that "the Court orders me to pay for support, healthcare, and education while at the same time restricting me from interacting with my [child]."

In AC, the Supreme Court did not opine that default could not be imposed for failure to appear; rather, the court held only that parties must be afforded a full and fair opportunity to present their case.  Id. at 234-35, 339 P.3d at 732-33.  AC is not dispositive as to whether a parent may be defaulted for failing to appear.

Ordinarily, when establishing the amount of child support required to be paid by a parent, the Family Court is required to follow the guidelines of HRS § 576D-7 (2018).[5]  HRS

---

[5]/      HRS § 576D-7(a) states:

> **§ 576D-7  Guidelines in establishing amount of child support.**  (a) The family court, in consultation with the agency, shall establish guidelines to establish the amount of child support when an order for support is sought or being modified under this chapter.  The guidelines shall be based on specific descriptive and numeric criteria and result in a computation of the support obligation.
>       The guidelines may include consideration of the following:
>       (1)   All earnings, income, and resources of both parents; provided that earnings be the net amount, after deductions for taxes, and social security.  Overtime and cost of living allowance may be deducted where appropriate;
>       (2)   The earning potential, reasonable necessities, and borrowing capacity of both parents;
>       (3)   The needs of the child for whom support is sought;
>       (4)   The amount of public assistance which would be paid for the child under the full standard of need as established by the department;
>       (5)   The existence of other dependents of the obligor parent;
>       (6)   To foster incentives for both parents to work;
>       (7)   To balance the standard of living of both parents and child and avoid placing any below the poverty level whenever possible;

(continued...)

§ 571-52.5 (2018);[6] <u>Wong v. Dey</u>, No. 29128, 2012 WL 171612, *2 (Haw. App. Jan. 20, 2012) (mem. op.). However, in this case, Father was defaulted and ordered to provide support for no more than what Mother had requested. Father's argument does not appear to challenge his child support obligations, rather it appears Father argues he should be provided with custody or more contact based on the type and/or amount of child support he was ordered to provide. Child custody is based on the child's best interest pursuant to HRS § 571-46(b), while child support is based on the guidelines of HRS § 576D-7. None of the factors in HRS §§ 571-46(b) or 576D-7 indicate the type or amount of child support weighs in favor of increased contact or an award of child custody. Father cites no authority that child custody is based on the type and/or amount of child support ordered by the Family Court. Therefore, Father's point of error is without merit.

---

[5]/(...continued)

    (8)   To avoid extreme and inequitable changes in either parent's income depending on custody; and

    (9)   If any obligee parent (with a school age child or children in school), who is mentally and physically able to work, remains at home and does not work, thirty (or less) hours of weekly earnings at the minimum wage may be imputed to that parent's income.

[6]/    HRS 571-52.5 states:

    **§ 571-52.5 Guidelines to determine child support amounts.** When the court establishes or modifies the amount of child support required to be paid by a parent, the court shall use the guidelines established under section 576D-7, except when exceptional circumstances warrant departure.

For these reasons, the Family Court's January 24, 2019 Custody Order is affirmed.

DATED: Honolulu, Hawaiʻi, April 10, 2023.

On the briefs:

AE,
Defendant-Appellant.

Rebecca A. Copeland,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge