**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000314**
**25-NOV-2025**
**08:16 AM**
**Dkt. 59 SO**

NO. CAAP-23-0000314

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARCO POLO REALTY, LLC.,
Plaintiff-Counterclaim Defendant-Appellee,
v.
YOUNG MI KIM,
Defendant-Counterclaimant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DRC-22-0000078)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Wadsworth and Guidry, JJ.)

This appeal stems from a landlord-tenant dispute in which the trial court awarded summary possession and damages to Plaintiff-Counterclaim Defendant-Appellee Marco Polo Realty, LLC (**Marco Polo**). Defendant-Counterclaimant-Appellant Young Mi Kim (**Kim**), self-represented, appeals from the May 18, 2023 *Findings of Fact, Conclusions of Law, and Order* (**FOFs/COLs/Order**) entered by the District Court of the First Circuit, Honolulu Division[1] (**district court**).[2] Kim also challenges the district court's *Order Granting . . . Marco Polo['s] Motion for Partial Summary Judgment, Filed May 13, 2022* (**Order Granting MPSJ**), *Judgment for*

---

[1] The Honorable Tracy S. Fukui presided.

[2] Kim's April 18, 2023 notice of appeal is deemed to appeal from the FOFs/COLs/Order, as well as from the subsequent May 30, 2023 order granting Marco Polo's motion for attorneys' fees and costs (**Fee Order**). See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2), (3).

*Possession*, and *Writ of Possession*, all entered on July 7, 2022.[3/]

On January 4, 2022, Marco Polo filed a complaint against Kim for summary possession of the unit she leased in the Marco Polo condominiums (**Unit**). On March 31, 2022, Kim filed a counterclaim for damages.

On July 7, 2022, the district court entered the *Judgment for Possession* and *Writ of Possession* in favor of Marco Polo and against Kim. On March 9, 2023, the district court entered an oral order granting damages for Marco Polo as to the summary possession complaint, offset by damages awarded to Kim on the counterclaim, for a total award of $32,476.00 to Marco Polo (**Damages Minute Order**). On May 18, 2023, the district court entered the FOFs/COLs/Order, which reduced the Damages Minute Order to a written order.

On May 30, 2023, the district court entered the Fee Order, which awarded Marco Polo fees and costs in the amount of $8,119.06. On June 9, 2023, the district court entered a separate *Judgment* in favor of Marco Polo and against Kim, which includes the $32,476.00 in damages plus the $8,119.06 in attorney's fees and costs.

On appeal, Kim contends that the district court erred in: (1) denying Kim's May 12, 2022 *Motion for Discovery*; (2) rejecting Kim's February 13, 2023 amended pretrial statement; (3) "le[aving] out facts pertaining to [Kim's] counterclaim, [including] those mutually acknowledged by the parties"; (4) allowing Marco Polo's "free oral claims" at trial even though it "failed to substantiate affirmative claims and did not submit a responsive pretrial statement"; (5) granting Marco Polo's May 13, 2022 motion for partial summary judgment (**MPSJ**) without considering Kim's counterclaim; and (6) failing to acknowledge Kim's "ongoing requests for redress . . . ."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Kim's contentions as follows, and affirm.

---

[3/] The Honorable Steven L. Hartley presided.

2

(1) Kim contends that the district court erred in denying her *Motion for Discovery* by relying on Marco Polo's allegedly false statements that the documents Kim requested were not in its possession.

On May 12, 2022, Kim filed a *Motion for Discovery* under Hawaiʻi District Court Rules of Civil Procedure (**DCRCP**) Rule 37. Kim sought to compel the production of certain insurance documents related to the 2017 fire that occurred at the Marco Polo condominium building, which she described as "Fire Insurance Compensation Receipt Statement," with a list of insurance companies and related policies.

On June 13, 2022, the District Court heard the motion. Marco Polo stated that it had filed a response to the request and had "turned over all the documents that they did have." Marco Polo explained that "a lot of the . . . documents that [Kim] was asking for were insurance documents from Marco Polo and the prior owner, and . . . the property was sold . . . last year . . . we don't even have possession of that anymore." (Emphases added; formatting altered.) Marco Polo indicated that the prior owner of the Unit could have the requested insurance documents. The court continued the matter and told Kim "maybe you're going to have to make discovery requests directly to the condominium[.]"[4]

On March 2, 2023, prior to the start of trial, the Court again addressed the *Motion for Discovery*. Kim stated that she had not received the "[d]amage insurance receipt. Claim receipt." Marco Polo responded: "The property has been sold subsequent to the fire. So those insurance documents are with the prior owner, and we've represented that to Ms. Kim."[5] Kim explained that she had requested the documents from the prior owner but did not receive a response. The court asked Kim what specific documents she had requested from Marco Polo that she had not yet received, and Kim stated, "a fire insurance compensation

---

[4] The court minutes of the hearing further indicate that "[Kim] may need to contact previous owner or insurance company."

[5] During trial, Marco Polo's principal broker Davin Schmidt (**Schmidt)** testified that Marco Polo, through counsel, had provided Kim with the prior owners' contact information.

recei[pt]." Marco Polo responded: "That's with the prior owner . . . . We do not have a copy of that." The Court then denied the *Motion for Discovery*.

DCRCP Rule 34(a) states in relevant part that "[a]ny party may serve on any other party a request . . . to produce and permit the party making the request . . . to inspect and copy, any designated documents . . . which constitute or contain matters within the scope of Rule 26(b) and <u>which are in the possession, custody or control of the party upon whom the request is served</u>[.]" (Emphasis added.) Accordingly, production may only be required if the requested documents are in the possession, custody or control of the party upon whom the request was served. <u>See</u> <u>Dorn-Kerri v. Sw. Cancer Care</u>, 385 Fed. Appx. 643, 644 (9th Cir. 2010) (construing analogous Federal Rules of Civil Procedure Rule 34(a); ruling there was no abuse of discretion in denying a motion to compel discovery where the information sought was not in the defendant's possession, custody, or control).

Here, Marco Polo indicated to the court that the requested insurance documents were not within its possession or custody, but could be within the possession of the prior owner of the Unit. Marco Polo further explained that the Unit had been sold by the prior owner to the current owner in 2021, about four years after the fire occurred. Marco Polo provided the former owner's contact information to Kim. Nothing in the record suggests that Marco Polo had control of any requested documents that may have been held by the prior owner of the Unit.

In these circumstances, the district court did not abuse its discretion in denying the *Motion for Discovery*.

(2) Kim contends that the district court erred in rejecting her amended pretrial statement.

Kim filed her counterclaim on March 31, 2022, and her pretrial statement on September 7, 2022. Then, on February 13, 2023, about two weeks before the scheduled trial, Kim filed an amended pretrial statement that purported to assert multiple additional claims that had not been pled in her counterclaim. On March 2, 2023, during trial, the district court noted that the

amended pretrial statement "includes additional claims not in the counterclaim. The Court's only addressing the claims that are live." On March 9, 2023, in rendering its decision on Kim's counterclaims, the court stated: "The Court will note that it is not considering any new claims raised in [Kim's] pretrial statement. Those claims were untimely and [Kim] . . . did not seek leave of Court to add claims." The FOFs/COLs/Order specifically addresses only the claims asserted in the March 31, 2022 counterclaim.

DCRCP Rule 15(a) provides in relevant part:

> A party may amend its pleading once as a matter of course at any time before a responsive pleading is served or oral answer made. If the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. <u>Otherwise a party may amend its pleading only by leave of court or by written consent of the adverse party</u>; and leave shall be freely given when justice so requires.

(Emphasis added.)

Here, Kim did not seek leave of court to amend her counterclaim to add additional claims, and there is no indication in the record that Marco Polo consented to such an amendment. In these circumstances, we cannot conclude that the district court abused its discretion in not considering new claims raised in Kim's amended pretrial statement.

(3) Kim contends that the district court erred in omitting several factual findings relevant to her counterclaim that were allegedly acknowledged by the parties. Specifically, Kim argues that the district court should have found that: (1) a fire occurred at the Marco Polo condominium building on July 14, 2017; (2) the Unit suffered water damage; (3) Kim occupied the Unit "below fair value"; and (4) Kim was required to vacate the Unit during restoration of the building.

"[W]here an appellant alleges that the trial court failed to make adequate findings of fact, the appellate court will examine all the findings, as made, to determine whether they are (1) supported by the evidence; and (2) sufficiently comprehensive and pertinent to the issues in the case to form a basis for the conclusions of law. If those findings include

sufficient subsidiary facts to disclose to the reviewing court the steps by which the lower court reached its ultimate conclusion on each factual issue, then the findings are adequate." State v. Ramos-Saunders, 135 Hawaiʻi 299, 304, 349 P.3d 406, 411 (App. 2015) (quoting Nani Koolau Co. v. K & M Const., Inc., 5 Haw. App. 137, 140, 681 P.2d 580, 584 (1984)).

Here, the district court specifically found in FOF 12 that, "[w]ith respect to [Kim's] Counterclaim, [Kim] failed to prove *uncompensated* damages for loss of use of unit due to fire, remediation work, and/or restoration work, as alleged in claim nos. 1-4." The district court further found in FOF 13 that,

> [w]ith respect to the allegations contained in [Kim's] Counterclaim No. 5 related to the condition of the Unit during her occupancy of said Unit, . . .:
>
> a. Except for the deficiency noted in subsection (d) below, [Kim] has failed to prove deficiencies that impede the habitability of the Unit.
>
> b. [Kim] failed to produce credible evidence that the alleged deficiencies were brought to the attention of [Marco Polo].
>
> c. [Kim] failed to present credible evidence that she suffered any loss of use [of] the Unit due to the alleged deficiencies.
>
> d. [Kim] presented credible evidence that as of January 2019, there was an uncovered wall outlet/opening in the kitchen that contained exposed electrical wires[, but t]here was no evidence presented that the wires were active (or ["]hot"), nor was evidence presented that Ms. Kim was unable to use the kitchen as a result.

The FOFs addressing Kim's counterclaims are supported by substantial evidence (or indicate, as relevant, allegations that are unsupported by credible evidence), are pertinent to the issues concerning the counterclaims, and include sufficient facts to allow this court to review the district court's ultimate conclusions. See Nani Koolau, 5 Haw. App. at 141, 681 P.2d at 585 (upholding the adequacy of a finding of fact that "'there is no credible evidence to support any of the defenses' raised by [the defendant]" (brackets omitted)). We thus conclude that Kim's argument is without merit.

(4) Kim contends as follows: "[Marco Polo] failed to substantiate affirmative claims and did not submit a responsive pretrial statement. Nonetheless, the court allowed free oral claims during the trial, without distinguishing between claimant and defender, despite no requests from the parties and no witnesses to exclude. During the trial, [Kim's] statements were repeatedly blocked."

Kim fails to state specific errors made by the district court at trial, where in the record the alleged error occurred, and where in the record the alleged error was objected to or otherwise brought to the court's attention. Further, Kim's argument is conclusory, lacks supporting legal authority, and is difficult to discern. See HRAP Rule 28(b)(4) and (7). We "are not obligated to search the record to crystalize [Kim's] arguments[.]" Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 469 n.16, 164 P.3d 696, 727 n.16 (2007).

In any event, based on our review of the record, we conclude that Marco Polo's affirmative claims were supported by substantial evidence. At trial, Marco Polo presented the testimony of Schmidt, its principal broker, and relevant documentary evidence establishing that: (1) from July 2021 through December 2021, Kim failed to pay rent per the terms of the parties' lease, owing Marco Polo a total of $9007.20 for this period; (2) on November 9, 2021, Marco Polo served Kim with a written Notice to Vacate by December 31, 2021, due to her non-payment of rent, after which Kim did not vacate and became a holdover tenant; (3) during the holdover period of January 2022 through August 23, 2022, Kim failed to pay rent, owing Marco Polo $23,244.46 for this period; and (4) Marco Polo incurred additional compensable costs per the terms of the lease, including $1976.53 in storage fees for Kim's personal items after she vacated, $157.07 in cleaning fees due to the condition Kim left the Unit when she vacated, and $2375.00 in court costs.[6] Kim's argument that Marco Polo failed to substantiate its

---

[6] These facts are set forth in FOFs 4 through 10, none of which Kim contests. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) (unchallenged findings of fact are binding on appeal).

affirmative claims is therefore without merit.

(5) Kim contends that the district court erred in granting Marco Polo's MPSJ without considering her counterclaim. She asserts that the counterclaim "includes a demand that affects [Marco Polo's] possession recovery."

"[T]he court has the discretion in a summary possession case to sever the issue of a determination of the landlord's right to summary possession from other issues." Cedillos v. Masumoto, 136 Hawaiʻi 430, 445, 363 P.3d 278, 293 (2015) (internal quotation marks omitted). However, a tenant may assert defenses and present evidence relevant to the landlord's summary possession claim. See id. at 445-46, 363 P.3d at 293-94.

Here, the district court made clear at the hearing of the MPSJ and in the Order Granting MPSJ that it considered Kim's written opposition and the record. Kim has not shown that the district court failed to consider any evidence she submitted in opposition to the MPSJ that was relevant to the summary possession claim. Kim's counterclaim sought monetary damages she allegedly incurred as a result of the 2017 fire in the Marco Polo condominium building and a 2019 rent increase. Parts of the counterclaim are difficult to discern, but it does not appear that Kim raised any claim relevant to Marco Polo's summary possession action. In any event, on this record, we cannot conclude that the district court erred in determining that Kim, in opposing the MPSJ, failed to set forth specific facts showing there was a genuine issue for trial as to possession of the Unit. HRCP Rule 56(e). We therefore conclude that Kim's argument is without merit.

(6) Kim contends that the district court erred in failing to acknowledge Kim's "ongoing requests for redress regarding errors that occurred during this lawsuit." She claims that the court did not address her "forcibl[e]" eviction or her counterclaim.

Again, Kim fails to state specific errors made by the district court, where in the record the alleged error occurred, and where in the record the alleged error was objected to or otherwise brought to the court's attention. She also fails to

present any argument regarding her contention. Accordingly, her contention may be deemed waived. See HRAP Rule 28(b)(4), (7).

In any event, the district court addressed Kim's counterclaim in the FOFs/COLs/Order, and she does not contest any of the FOFs or COLs that support the court's decision regarding these claims. They are binding on appeal. See Okada Trucking Co., 97 Hawaiʻi at 458, 40 P.3d at 81. We therefore conclude that Kim's argument is without merit.

For these reasons, we affirm the following, entered by the district court: the July 7, 2022 *Order Granting Plaintiff Marco Polo Realty's Motion for Partial Summary Judgment, Filed May 13, 2022*; the July 7, 2022 *Judgment for Possession*; the July 7, 2022 *Writ of Possession*; the May 18, 2023 *Findings of Fact, Conclusions of Law, and Order*; and the June 9, 2023 *Judgment*.

DATED: Honolulu, Hawaiʻi, November 25, 2025.

On the briefs:

Young Mi Kim
Self-represented Defendant/
Counterclaimant-Appellant.

Philip W. Miyoshi and
James T. Ogiwara
(Miyoshi & Hironaka LLC)
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge