**CHRISTINE A. DAVIS**, Appellant, v. **WINONA E. RUBIN**, Director, Department of Human Services, State of Hawai'i, Appellee

NO. 14668

(CIV. NO. 89–230)

DECEMBER 27, 1991

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE HUDDY ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY HEEN, J.

We affirm the judgment of the circuit court affirming the decision of the administrative hearing officer in this case.

The undisputed facts are as follows: On February 23, 1989, Appellant Christine A. Davis (Davis) was a recipient of food stamps under the Federal Food Stamp Program, 7 U.S.C.S. Chapter 51 (Law. Co–op. 1985 & Supp. 1991), when she either was given or bought a 19–year–old "junker" truck. Under the applicable regulations of the Department of Human Services (DHS), Davis was required to submit a Monthly Eligibility Report Form (MERF) on which she was required to report, *inter alia*,

> (2) Any changes in income, deductions, resources, or
> other relevant circumstances affecting eligibility which
> . . . occurred in the budget month[.]

Hawai'i Administrative Rules (HAR) § 17–716–50(a)(2) (1989). The truck, which DHS valued at $350, would not have affected Davis' eligibility for food stamps.

On April 19, 1989, DHS received a computer printout from the Kauai County Department of Motor Vehicles showing that Davis registered the truck in her name on March 10, 1989.[1] On May 1, 1989, a DHS representative met with Davis and pointed out

---

[1] Davis was not in possession of the truck when she registered it. Davis registered the truck in her name in order to be able to report the truck as stolen. The theft apparently occurred within a few days of Davis' acquisition of the truck.

to her that she had not reported the truck on her February and March MERFs.[2]

On July 31, 1989, DHS notified Davis that it believed she had committed an "intentional program violation," defined in HAR § 17–722–1 (1983) as follows:

§ 17–722–1 **Definition of intentional program violation.** Intentional program violation means any action by an individual who intentionally:

(1) Made a false or misleading statement; or

(2) Misrepresented, concealed, or withheld facts; or

(3) Committed any act that constitutes a violation of the Food Stamp Act (7 U.S.C. §§ 2011–2027), the food stamp program regulations adopted by the United States Department of Agriculture and the department of social services and housing, or any state statute relating to the use, presentation, transfer, acquisition, receipt, or possession of food stamp coupons, or ATP cards.

The notice informed Davis that an administrative hearing would be held on September 25, 1989. She was also informed that if she was found to have "intentionally violated a program rule," she would be disqualified from the program for six months. The notice did not inform Davis which subsection of HAR § 17–722–1 she allegedly violated.

The hearing officer rendered a written decision in which he concluded that the clear and convincing evidence showed that Davis "committed an intentional program violation when. [she] concealed and withheld facts regarding [her] acquisition and

---

[2] Davis' MERFs for February and March were filed on March 7, and April 6, 1989, respectively.

ownership of [the] truck." The hearing officer disqualified Davis from receiving food stamps for six months.

Davis timely appealed the administrative decision, and the circuit court affirmed. Davis again appealed, and the case was assigned to this court.

In our review, we are governed by the standards set forth in Hawai'i Revised Statutes (HRS) § 91–14(g) (1985). *Kaiser Found. Health Plan, Inc. v. Department of Labor and Indus. Relations*, 70 Haw. 72, 762 P.2d 796 (1988). The hearing officer's findings of fact are reviewable for clear error, while his or her conclusions of law are freely reviewable. *Kilauea Neighborhood Ass'n v. Land Use Comm'n*, 7 Haw. App. 227, 751 P.2d 1031 (1988).

## 1.

Davis argues first that the hearing officer erred when he concluded that she was required to report the acquisition and ownership of the truck, since (1) when she had possession of the truck, she was not the legal owner; and (2) since the truck was already stolen when she registered legal title in her name, her title was worthless and would not affect her eligibility. We disagree.[3]

In her application for the food stamp program, Davis acknowledged her responsibility to report if anyone in her household "[r]eceived . . . [a] car[.]" Even if we accept Davis' premise that her responsibility to report receipt of the truck did not arise until she had legal title, she violated a program requirement when she failed to do so in her March MERF.[4] Her violation consisted of intentionally making a false or misleading statement, or misrepresenting, concealing or withholding the facts about acquir-

---

[3] The cases cited by Davis in support of her argument are not apposite.

[4] Under Hawai'i Revised Statutes § 286–52(e) (1985), Davis did not acquire title to the truck until the new certificate of ownership was issued and title was registered in her name.

ing the truck. The violation did not depend on the value of the truck or its effect on her eligibility. Moreover, since as legal owner she had the capacity after March 10, 1989, to recover the truck, we cannot agree that the bare legal title was worthless.

Finally, since the violation is of a provision of HAR § 17–722–1, the court, contrary to Davis' argument, correctly concluded that "it is not necessary to prove that [Davis] violated a specific reporting rule in order to establish an intentional program violation."

### 2.

Davis next argues that DHS was required to prove that her action was for the purpose of receiving food stamps. In essence, she argues that DHS was required to prove fraud.[5] We disagree.

The grounds for disqualification from the program are set forth in 7 U.S.C.S. § 2015(b) (Law. Co–op. 1985). Prior to 1981, the statute disqualified a person who was found, either administratively or judicially, to have fraudulently "used, presented, transferred, acquired, received, possessed, or altered coupons or authorization cards." 7 U.S.C.S. § 2015, History; Ancillary Laws and Directives 423, 425 (1985).

In 1981, 7 U.S.C.S. 2015(b) was amended to read in pertinent part as follows:

> (b) **Fraud and misrepresentation; disqualification penalties; ineligibility period; application procedures.** (1) Any person who has been found by any State or Federal court or administrative agency to have intentionally (A) made a false or misleading statement, or misrepresented, concealed or withheld

---

[5] Fraud is the intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. *In re Adoption of Male Minor Child*, 1 Haw. App. 364, 619 P.2d 1092 (1980).

facts, or (B) committed any act that constitutes a violation of this Act [7 USCS § 2011 et seq.], the regulations issued thereunder, or any State statute, for the purpose of using, presenting, transferring, acquiring, receiving, or possessing coupons or authorization cards shall, immediately upon the rendering of such determination, become ineligible for further participation in the program[.]

* * *

(2) Each State agency shall proceed against an individual alleged to have engaged in such activity either by way of administrative hearings, after notice and an opportunity for a hearing at the State level, or by referring such matters to appropriate authorities for civil or criminal action in a court of law.

Omnibus Reconciliation Act of 1981, 95 Stat. 357, Act Aug. 13, 1981, § 112.

The amendment "[a]dd[s] to the 'fraud' offense . . . an additional violation of intentionally making a false or misleading statement, misrepresentation, or the concealment or withholding of facts or committing any act that constituted a violation of any State statute relating to the use of food stamps." Senate Committee on the Budget, Omnibus Budget Reconciliation Act of 1981, S. Rep. No. 97–139, 97th Congress, 1st Sess. 65, *reprinted in* U.S. CODE CONG. & ADMIN. NEWS 396, 455 (1981).

The purpose of the additional basis for disqualification was to "encourage the use of administrative hearings, as States would no longer have to prove fraud per se, but misrepresentation by the household. The Administration has indicated that States have been reluctant to pursue administrative fraud hearings because they view findings of fraud to be under the jurisdiction of the legal system." *Id.*

Under the statute a finding of fraud is not essential to ineligibility. Thus, DHS was required to prove only that Davis intentionally made "a false or misleading statement, or misrepresented, concealed or withheld facts." 7 U.S.C.S. § 2015(b).

### 3.

A careful review of the transcript of the administrative hearing indicates that the evidence supporting the hearing officer's finding that Davis had committed an intentional program violation was clear and convincing.

### 4.

Davis argues that the hearing officer's decision must be reversed because it was based on HAR § 17–719–10, the reporting requirement for households not reporting monthly, rather than HAR § 17–716–50, under which Davis reported monthly. We disagree.

Although the hearing officer cites the wrong HAR, it is clear from the transcript of the administrative hearing that the parties knew and understood that HAR § 17–716–50 was the regulation under which Davis was required to report. Additionally, the hearing officer's decision discusses the requirements established by HAR § 17–716–50. Finally, as noted above, the gravamen of the hearing officer's decision was that Davis violated HAR § 17–722–1, not that she had violated HAR § 17–716–50.

Affirmed.

*Patricia Colleen Eads* (Legal Aid Society of Hawai'i, of counsel) for appellant.

*Thomas D. Farrell*, Deputy Attorney General, for appellee.