NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000278**
**30-JUN-2023**
**07:53 AM**
**Dkt. 121 SO**

NO. CAAP-19-0000278

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SAMUEL B. SNIFFIN and SETH E. CONKLIN, Plaintiffs-Appellants,
v.
STATE OF HAWAIʻI DEPARTMENT OF PUBLIC SAFETY,
Defendant/Third-Party Plaintiff-Appellee,
and
MATTHEW MAZZOCCA, Third-Party Defendant-Appellee,
and
DOE DEFENDANTS 1-100
(CIVIL NO. 1CC131002943)

————————

SAMUEL B. SNIFFIN and SETH E. CONKLIN, Plaintiffs-Appellants,
v.
MATTHEW MAZZOCCA, Defendant-Appellee,
and
DOE DEFENDANTS 1-100
(CIVIL NO. 1CC141001193)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

## SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiffs-Appellants Samuel B. **Sniffin** and Seth E.
**Conklin** appeal from the Final Judgment in favor of Defendant/
Third-Party Plaintiff-Appellee **State** of Hawaiʻi Department of
Public Safety and Third-Party Defendant-Appellee and Defendant-

Appellee Matthew **Mazzocca**[1] entered by the Circuit Court of the First Circuit on February 28, 2019.[2]  For the reasons explained below, we affirm.

Sniffin, Conklin, and Mazzocca were inmates at the **Hālawa** Correctional Facility.  They got into a fight.  On November 5, 2013, Sniffin and Conklin sued the State.  They claimed they were injured because of the State's negligence.  The State filed a third-party complaint against Mazzocca.  The State claimed that Mazzocca "struck [Sniffin and Conklin] intentionally, maliciously and without warning to the State."

On May 16, 2014, Sniffin and Conklin sued Mazzocca.  They claimed they were injured when Mazzocca assaulted and battered them.

The two lawsuits were consolidated by stipulation.  A jury-waived trial was held October 29, 2018, and November 13 and 15, 2018.  The circuit court entered "Findings of Fact, Conclusions of Law, and Order" on November 19, 2018.  The order stated:

> Pursuant to the Findings of Fact and Conclusions of Law, the Court hereby orders that judgment enter in favor of Defendants State of Hawaiʻi, Department of Public Safety, and Matthew Mazzocca, and against Plaintiffs Samuel Sniffin and Seth Conklin.

The Final Judgment was entered on February 28, 2019.  This appeal followed.

Sniffin and Conklin contend that the circuit court erred by: **(1)** concluding that Sniffin and Conklin "failed to show that the State owed them a duty"; **(2)** holding that Sniffin and Conklin "failed to provide evidence that the State of Hawaiʻi breached any legal duty to protect them from the consequences of their illegal activities at Halawa Correctional Facility or from the consequences of stealing from another inmate"; and

---

[1]     Sniffin and Conklin do not argue error affecting the Final Judgment in favor of Mazzocca.

[2]     The Honorable Dean E. Ochiai presided.

2

**(3)** excluding the deposition testimony of Adult Correctional Officer (**ACO**) Kaipo **Fiatoa** at trial.

Sniffin and Conklin do not challenge any of the circuit court's findings of fact, which are therefore binding on appeal, <u>Okada Trucking Co. v. Bd. of Water Supply</u>, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002). The circuit court found that Sniffin, Conklin, and Mazzocca were housed in Hālawa's medium security quad 4 Module 2A. On the morning of November 5, 2011, Mazzocca confronted Sniffin and Conklin in the day room about something (prison tattoo ink) he felt Sniffin and Conklin stole from him. Their conversation lasted 30 seconds to one minute. The conversation got heated as obscenities were exchanged. Mazzocca saw Sniffin and Conklin exchange looks, which led him to believe they would not back down and were readying to attack him while he was outnumbered. Sniffin's body language and hand gestures indicated that he was squaring up to fight. When Mazzocca saw Sniffin clench his fist, Mazzocca swung at Sniffin first. Sniffin fell to the ground from Mazzocca's first punch and did not move as Mazzocca and Conklin continued to fight. Conklin was subsequently subdued.

**(1)** Sniffin and Conklin challenge the first sentence of Conclusion of Law (**COL**) no. 1:

> 1.   With respect to the Plaintiffs' negligence claim, Plaintiffs have failed to show that the State owed them a duty. . . .

The existence of a duty is entirely a question of law. <u>Doe Parents No. 1 v. State, Dep't of Educ.</u>, 100 Hawaiʻi 34, 57, 58 P.3d 545, 568 (2002). We review questions of law de novo under the right/wrong standard. <u>Id.</u>

"As a general matter, a person does not have a duty to act affirmatively to protect another person from harm by a third person." <u>Doe Parents</u>, 100 Hawaiʻi at 71, 58 P.3d at 582 (cleaned up). However, if there is a "special relationship" between the defendant and the plaintiff, the defendant owes the plaintiff a

duty to control the conduct of a third person to prevent the third person from causing physical harm to the plaintiff.  Id. The relationship between the State and an incarcerated person is such a "special relationship."

> The Restatement (Second) of Torts § 314A provides in relevant part that "[o]ne who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his [or her] normal opportunities for protection is under a . . . duty to the other" "to take reasonable action . . . to protect them against unreasonable risk of physical harm[.]"

Id. at 71 n.40, 58 P.3d at 582 n.40.

The first sentence of COL no. 1 is wrong.  But the error is not dispositive; the circuit court's other findings, conclusions, and mixed findings and conclusions — which are not erroneous — support the Final Judgment.

**(2)**  Sniffin and Conklin challenge the second sentence of COL no. 1, which is actually a finding of fact:

> The Plaintiffs failed to provide evidence that the State of Hawaiʻi breached any legal duty to protect them from the consequences of their illegal activities at Halawa Correctional Facility or from the consequences of stealing from another inmate.

Whether or not the defendant breached a legal duty by failing to exercise reasonable care is a question of fact.  Doe Parents, 100 Hawaiʻi at 57–58, 58 P.3d at 568–69.  The circuit court found,[3] and Sniffin and Conklin do not challenge, that Mazzocca's prison file contained no indication of institutional violence or prior assaultive behavior.  Before the fight, neither Sniffin nor Conklin told the State they were at risk of physical harm from Mazzocca because they had stolen from him.  On the morning of November 5, 2011, Mazzocca did not tell the State that Sniffin or Conklin had stolen from him.  The trial court found

---

[3]    Some of what the circuit court labeled conclusions of law were actually findings of fact.  Whether a determination is a finding of fact or a conclusion of law is a question of law that is freely reviewable by a reviewing court.  Kilauea Neighborhood Ass'n v. Land Use Comm'n, 7 Haw. App. 227, 229, 751 P.2d 1031, 1034 (1988).

that Mazzocca credibly testified that he didn't "snitch" to ACO Fiatoa.  We will not disturb credibility determinations. <u>Tamashiro v. Control Specialist, Inc.</u>, 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001).

The State was never placed on notice, before the fight, of a specific threat Mazzocca posed to Sniffin or Conklin, and circumstances did not reasonably suggest that a specific harm was likely to arise.  Gary Kaplan, Corrections Supervisor with the Hawaiʻi Department of Public Safety, testified that the altercation between Sniffin, Conklin, and Mazzocca was sudden and unexpected, and there was insufficient time for ACOs to respond. The circuit court found that "It was impossible for ACOs to react to something they knew nothing about[.]"

The circuit court entered the following conclusions of law, which are actually mixed findings of fact and conclusions of law, that are not challenged by Sniffin or Conklin:

> 4.  The Court, having taken into account the circumstances of this case, finds that the Plaintiffs could not reasonably expect protection from the State for the consequences of their illegal enterprise of making tattoo ink or for stealing from Mazzocca.  Plaintiffs did not warn the State that Mazzocca might harm them; they kept their illegal activity to themselves.
>
> 5.  There is no evidence that any change in the policies or practices at [Hālawa] could have prevented the intentional wrongful conduct by Plaintiffs in the production of tattoo ink or that a change in [Hālawa]'s policies or practices would have reduced Plaintiffs' risk of harm from the consequences of stealing from another inmate and subsequently lying to that inmate.
>
> 6.  The Court also finds that there is no evidence that the State was negligent in the security classification and/or housing determinations that resulted in Sniffin, Conklin and Mazzocca being housed in the same module during the time preceding the fight and on the day of the fight.
>
> . . . .
>
> 10.  Plaintiffs are not entitled to any recovery against the State[.]

Conclusions of law that are supported by the trial court's findings of fact and reflect an application of the

correct rule of law will not be overturned.  <u>Est. of Klink ex
rel. Klink v. State</u>, 113 Hawai'i 332, 351, 152 P.3d 504, 523
(2007).  In <u>Doe Parents</u>, the supreme court referred to
Restatement (Second) of Torts § 314A and noted:

> The commentary to this section remarks that the duty that a
> "special relationship" imposes upon a defendant "is only one
> to exercise reasonable care under the circumstances.  The
> defendant is not liable where he [or she] neither knows nor
> should know of the unreasonable risk[.]"  Restatement
> (Second) of Torts § 314A Comment e, at 120 (1965).
> Correlatively, this court has noted that even if the
> defendant and the plaintiff share a "special relationship,"
> the defendant will not become liable to the plaintiff for an
> injury that a third person inflicts upon the plaintiff
> unless the harm was reasonably foreseeable.  <u>See, e.g.</u>, <u>Lee</u>,
> 83 Hawai'i at 160, 925 P.2d at 330.

100 Hawai'i at 71 n.40, 58 P.3d at 582 n.40.

On this record, we conclude that the circuit court's
mixed finding and conclusion that the State did not breach a
legal duty owed to Sniffin or Conklin is neither clearly
erroneous nor wrong.

**(3)**  Sniffin and Conklin contend that the circuit court
erred by excluding ACO Fiatoa's "deposition testimony" at trial.
We initially note that the opening brief's statement of the
points of error does not comply with Hawai'i Rules of Appellate
Procedure Rule 28(b)(4)(A).

According to the opening brief's argument section and
the transcript of proceedings it cites, the issue arose when
Sniffin and Conklin offered their Exhibit 21 into evidence.
Plaintiffs' Exhibit 21 is ACO Fiatoa's deposition transcript.
Hawai'i Rules of Civil Procedure Rule 32(a)(1) provides that
"[a]ny deposition may be used by any party for the purpose of
contradicting or impeaching the testimony of deponent as a
witness, or for any other purpose permitted by the Hawai'i Rules
of Evidence."

At trial, after ACO Fiatoa testified to a lack of
memory, Sniffin used ACO Fiatoa's deposition to have ACO Fiatoa

affirm his prior testimony on a number of facts.[4]  Sniffin questioned ACO Fiatoa: "Let me ask you -- but would you lie at your deposition?"  ACO Fiatoa answered: "No."  Sniffin again asked: "But you wouldn't lie at a deposition, would you?"  ACO Fiatoa again answered: "No."  Sniffin asked a third time:

> Q.    Okay.  In fact, wouldn't you agree, Mr. Fiatoa, that all the testimony that you -- all the -- all the testimony you gave at your deposition here was based upon what you remembered at the time in March 9, 2017, correct?
>
> A.    Yeah.
>
> Q.    And that it was the truth?
>
> A.    It was what I remembered, yes.
>
> Q.    Yes.  But it was the truth that you testified to?
>
> A.    Yeah.
>
> Q.    Okay.  You would not, as you testified earlier, you would not lie at a deposition, correct?
>
> A.    No.

Finally, Sniffin asked:

> Q.    Okay.  Okay.  Even though you don't remember what you said in March 9, 2017, you would agree that the statement you gave here was truthful and correct; correct?
>
> A.    How can I say correct if I can't really remember?
>
> Q.    Yes.  Well, you wouldn't lie at a deposition?
>
> A.    Then I guess, yeah.

Sniffin then moved the entire deposition transcript — Plaintiffs' Exhibit 21 — into evidence.  Sniffin correctly argues that the circuit court erroneously believed that because ACO Fiatoa was present at trial, he was not "unavailable" under Hawaii Rules of Evidence (**HRE**) Rule 804(a)(3) after he testified

---

[4]    During trial, Sniffin read questions and answers from ACO Fiatoa's deposition transcript to ACO Fiatoa, ostensibly to refresh his recollection.  ACO Fiatoa's recollection was generally not refreshed.  However, ACO Fiatoa also acknowledged on the record that the deposition transcript accurately reflected his answers to the questions that were asked during the deposition.

to a lack of memory. However, the basis for the circuit court's ruling actually was:

> You've been using [the deposition transcript] throughout the examination of Mr. Fiatoa for whatever purposes you saw fit and the court has allowed that, but the court will not admit the deposition transcript.

Portions of ACO Fiatoa's former testimony were already in evidence through his examination at trial. See HRE Rule 804(b)(1). The actual deposition transcript, to the extent it contained questions and answers already in evidence, was a "needless presentation of cumulative evidence." HRE Rule 403. Sniffin failed to establish how the remainder of the transcript was relevant. See HRE Rule 402. We conclude that the circuit court did not err by refusing to admit Plaintiffs' Exhibit 21 into evidence.

For the foregoing reasons, the Final Judgment entered by the circuit court on February 28, 2019, is affirmed.

DATED: Honolulu, Hawaiʻi, June 30, 2023.

On the briefs:

Joseph P.H. Ahuna, Jr.,
David K. Ahuna,
for Plaintiffs-Appellants.

Caron M. Inagaki,
Kathy K. Higham,
Deputy Attorneys General,
Department of the Attorney
General, State of Hawaiʻi,
for Defendant/Third-Party
Plaintiff-Appellee
State of Hawaiʻi Department
of Public Safety.

Richard D. Gronna,
for Third-Party
Defendant-Appellee
and Defendant-Appellee
Matthew Mazzocca.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge