**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000868
31-JUL-2023
07:52 AM
Dkt. 84 SO**

NO. CAAP-19-0000868

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MONICA G. SCARLETT, Claimant-Appellee-Appellant,
v.
MACY'S WEST STORES, INC., Employer-Appellant-Appellee,
and
SEDGWICK CMS-HAWAII, Third-Party Administrator-
Appellant-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2018-091 AND DCD NO. 2-17-05258)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Claimant-Appellee-Appellant Monica G. **Scarlett** appeals from the "Order Adopting Proposed Decision and Order" entered by the Labor and Industrial Relations Appeals Board (**LIRAB** or **Board**) on November 25, 2019. The LIRAB majority adopted its "Proposed Decision and Order" entered on October 4, 2019. For the reasons explained below, we affirm.

Scarlett worked for Employer-Appellant-Appellee **Macy's** West Stores, Inc. as a fragrance specialist in the Ala Moana Center Bloomingdale's store. On July 9, 2017, she injured her lower back while lifting boxes at work. Macy's accepted liability for workers compensation benefits. Scarlett received temporary total disability (**TTD**) benefits through July 16, 2017. She was then released to perform modified duty work for no more

than five hours per day. She worked part-time beginning July 17, 2017, and received temporary partial disability (**TPD**) benefits until January 7, 2018.

On January 7, 2018, Macy's suspended Scarlett's employment and denied further benefits. Scarlett's employment was terminated on January 9, 2018.[1]

DLIR's Disability Compensation Division (**DCD**) conducted a hearing on Scarlett's claim for workers compensation benefits on March 16, 2018. Macy's did not attend the hearing or file a memorandum.[2] The **Director** of Labor and Industrial Relations issued a decision on March 23, 2018. The Director: (1) awarded Scarlett TTD benefits beginning January 7, 2018, "and terminating at such time as is determined by the Director that such disability has ended"; (2) assessed a penalty against Macy's under Hawaii Revised Statutes (**HRS**) § 386-92 ("Default in payments of compensation, penalty"); and (3) awarded Scarlett attorney's fees and costs under HRS § 386-93; but (4) deferred a decision on a treatment plan "until such time that [Macy's] has been provided sufficient and adequate notice of a hearing."

Macy's appealed the Director's decision to LIRAB. LIRAB issued a pretrial order. The issues to be determined were: (1) whether Scarlett was entitled to TTD benefits after January 7, 2018 (the date Scarlett was suspended);[3] (2) whether the Director erred by assessing the penalty against Macy's; and (3) whether the Director erred by assessing attorney's fees and costs against Macy's.

---

[1]     Records from the Department of Labor and Industrial Relations Unemployment Insurance Division indicate that Macy's discharged Scarlett for removing fragrance testers from Bloomingdale's without authorization.

[2]     Macy's was a workers compensation self-insurer and administered its own claims. In early March 2018, Macy's transferred its workers compensation claim-handling function to Third-Party Administrator-Appellant-Appellee **Sedgwick** CMS — Hawaii. It appears that Sedgwick did not realize it was handling Scarlett's claim, and that DCD was not informed of the change until some time after the March 16, 2018 hearing.

[3]     LIRAB's pretrial order stated that the date at issue was January 7, 2017, which was apparently a typographical error.

LIRAB conducted a trial. On October 4, 2019, LIRAB entered the Proposed Decision and Order, with the Chair dissenting. Scarlett filed exceptions. Macy's filed a response. LIRAB held a hearing on Scarlett's exceptions. On November 25, 2019, LIRAB entered the Order Adopting Proposed Decision and Order, over a dissent by the Chair. The LIRAB majority concluded that: (1) Scarlett was not entitled to TTD benefits after January 7, 2018; (2) the Director erred in assessing a penalty against Macy's for late payment of TTD benefits; and (3) the Director erred in assessing attorney's fees and costs against Macy's. This appeal followed.

Scarlett raises seven points of error: **(1)** "LIRAB erred in determining that [Scarlett] was able to work with restrictions and on a modified schedule pursuant to her physician's work release, [so] she was not temporarily totally disabled after January 7, 2018"; **(2)** "[t]he Board erred in finding that [Scarlett] was not temporarily totally disabled after January 7, 2018, on grounds that [Macy's] had accommodated her restrictions and subsequently terminated her for violating [Macy's] policies"; **(3)** "the Board erred in declining to determine whether [Macy's] termination of [Scarlett] was justified when it based [her] disentitlement to TTD on the grounds that her termination was for violating [Macy's] policies and that such termination had not been rescinded or otherwise modified"; **(4)** "the Board erred in disregarding the determination of the Unemployment Insurance Division, Department of Labor and Industrial Relations had not committed any misconduct and declining to give the determination preclusive effect in this case"; **(5)** "[t]he Board erred in finding that there is no evidence that [Scarlett], upon her suspension, made any attempt to return to work"; **(6)** "[t]he Board erred in finding that [Scarlett] is not entitled to penalties for the untimely payment of TTD benefits"; and **(7)** "[t]he Board erred in finding that [Scarlett] is not entitled to an assessment of attorney's fees and costs against [Macy's] for defending her

3

claim for TTD benefits without reasonable ground under Section 386-93(a), HRS."

> Appellate review of a LIRAB decision is governed by HRS § 91-14(g). It is well-established that appellate courts review LIRAB's findings of fact under the clearly erroneous standard. However, LIRAB's conclusions of law cannot bind an appellate court and are freely reviewable for their correctness. Thus, the court reviews conclusions of law de novo, under the right/wrong standard.

Skahan v. Stutts Constr. Co., 148 Hawaiʻi 460, 466, 478 P.3d 285, 291 (2021) (cleaned up). However, LIRAB's label of a finding of fact or a conclusion of law does not determine the standard of review. See Crosby v. State Dep't of Budget & Fin., 76 Hawaiʻi 332, 340, 876 P.2d 1300, 1308 (1994). Whether an agency's determination is a finding of fact or a conclusion of law is a question of law. The accuracy of the label affixed by the agency is freely reviewable on appeal. Kilauea Neighborhood Ass'n v. Land Use Comm'n, 7 Haw. App. 227, 229, 751 P.2d 1031, 1034 (1988).

**(1)** Scarlett contends that LIRAB erred by determining she was not temporarily totally disabled after January 7, 2018. She challenges the following findings of fact, analysis, and conclusion of law:

**FINDINGS OF FACT**

. . . .

8. The Board finds that [Scarlett] was not totally disabled for the period after January 7, 2018 through December 18, 2018 - the medical reports submission deadline on this appeal.

. . . .

12. The Board finds that [Scarlett] has not met her burden of proving her entitlement to TTD benefits for the period January 9, 2018 through December 18, 2018.

. . . .

**ANALYSIS/DISCUSSION**

. . . .

The medical evidence does not support [Scarlett]'s assertion that she is temporarily and totally disabled

4

because of her suspension and subsequent termination. Rather, Dr. DiCostanzo's work status reports make clear that for the period after January 7, 2018 through December 18, 2018, she was able to work with restrictions and on a modified schedule. Therefore, she was not totally disabled during that period.

. . . .

**CONCLUSIONS OF LAW**

1.  The Board concludes that [Scarlett] is not entitled to temporary total disability benefits after January 7, 2018.

LIRAB's determination of a claimant's entitlement to TTD benefits is reviewed de novo. Tamashiro v. Control Specialist, Inc., 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001). "Total disability" means "disability of such an extent that the disabled employee has no reasonable prospect of finding regular employment of any kind in the normal labor market." HRS § 386-1 (2015). "If an employee is injured on the job and is unable to work *in any capacity* after the injury, he or she is eligible for a total disability benefit." Ihara v. State, Dep't of Land & Nat. Res., 141 Hawaiʻi 36, 42, 404 P.3d 302, 308 (2017) (emphasis added) (citation omitted). Temporary total disability benefits are available "[w]here a work injury causes total disability not determined to be permanent in character[.]" HRS § 386-31(b) (2015 & Supp. 2016).

Scarlett acknowledges that her doctor's January 12, 2018 disability certificate "states that [she] had modified duty restrictions of working no more than 5 hours per work day (25 hours per week) and no lifting/carrying/pushing/pulling more than 5 pounds, no twisting of the torso/spine, sitting and resting as needed, and only occasional bending at the waist." She "informed the unemployment insurance division that she was ready, willing, and able to work within her doctor's restrictions." Her "[d]isability certifications from January 2018 through December 18, 2018 (the date of the medical reports submission on appeal to the LIRAB) continued [to] certify [her] with the modified duty, part-time restrictions."

LIRAB's findings that Scarlett was not totally disabled are supported by substantial evidence in the record, and are not clearly erroneous. LIRAB's conclusion that Scarlett is not entitled to TTD benefits was not wrong.[4]

**(2)** Scarlett contends that LIRAB erred in finding that she was not temporarily totally disabled after January 7, 2018, "on grounds that [Macy's] had accommodated her restrictions and subsequently terminated her for violating [Macy's] policies." She challenges the following findings of fact, analysis, and conclusion of law:

**FINDINGS OF FACT**

. . . .

5. The Board finds no disagreement that [Macy's] suspension and subsequent termination of [Scarlett]'s employment related to an alleged theft by [Scarlett].

6. The Board finds that [Scarlett]'s suspension and subsequent termination were unrelated to her July 9, 2017 work injury.

. . . .

**ANALYSIS/DISCUSSION**

. . . .

[Scarlett] relies on Dr. DiCostanzo's statement that she be considered temporarily and totally disabled if [Macy's] did not accommodate the restrictions imposed. However, such reliance is misplaced, when [Macy's] accommodated her restrictions, but suspended and then terminated her for violating [Macy's] policies.

The parties take opposite views as to the propriety of [Macy's] suspension and subsequent termination of [Scarlett]'s employment. For purposes of deciding the issue on appeal, the Board need not decide whether the basis for [Scarlett]'s suspension and subsequent termination was in line with [Macy's] policies regarding samples, deluxe samples, testers, and gifts with purchase. There is no dispute that [Scarlett] was suspended and subsequently terminated for violating [Macy's] policies and that such termination has not been rescinded or otherwise modified.

---

[4] Scarlett is not claiming that Macy's owed her TPD benefits after January 7, 2018, under HRS § 386-32(b) (2015) (discussing entitlement to benefits "[w]here a work injury causes partial disability, not determined to be permanent, which diminishes the employee's capacity for work[.]").

As noted above, "(T)wo basic goals of compensation statutes are: (a) to restore the injured worker, to the greatest possible extent, physiologically and as a productive member of society; and (b) to compensate him or his family adequately for the losses consequent upon his personal injury or death." However, the Board declines to equate her termination with temporary total disability. The Board also declines to compensate [Scarlett] with workers' compensation benefits greater than she would be entitled had she continued working at the modified position provided by [Macy's] and not suspended and subsequently terminated.

[Scarlett] has not met her burden of proof and is not entitled to TTD benefits for the period after January 7, 2018 through December 18, 2018.

The factual issues concerning the termination of Scarlett's employment, the reasons therefor, and whether those reasons were valid, are not material to the legal issues presented by this appeal. Scarlett argues: "After her termination from employment, [she] continued to be disabled, she was unable to work *for more than 5 hours per day of modified duty*, and she had not reached a point of medical stability." (Emphasis added.) Thus, she concedes that she was not *totally* disabled, and was not entitled to TTD benefits under HRS § 386-31(b). She may have been entitled to TPD benefits under HRS § 386-32(b), but she did not make that claim before LIRAB and it is not at issue in this appeal.

**(3)** Scarlett contends: "Should the Court determine that a claimant's fault in causing her termination from employment is relevant to the issue of her entitlement to TTD benefits, the Board erred in declining to determine whether [Macy's] termination of [Scarlett] was justified when it based [Scarlett]'s disentitlement to TTD on the grounds that her termination was for violating [Macy's] policies and that such termination had not been rescinded or otherwise modified." As discussed above, the termination of Scarlett's employment is not material to the issues presented by this appeal. We need not address her third point of error.

**(4)** Scarlett contends: "Should the Court determine that a claimant's fault in causing her termination from employment is relevant to the issue of her entitlement to TTD

7

benefits, the Board erred in disregarding the determination of the Unemployment Insurance Division, Department of Labor and Industrial Relations [that she] had not committed any misconduct and declining to give the determination preclusive effect in this case." Again, the termination of Scarlett's employment is not material to the legal issues presented by this appeal. We need not address her fourth point of error.

**(5)** Scarlett contends that LIRAB erred by finding that there was no evidence she made any attempt to return to work after she was suspended. She challenges finding of fact no. 11. However, her opening brief contains no citations to evidence in the record showing that she did attempt to return to work after she was suspended and terminated. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)(A) and 28(b)(7). We are not obligated to search the record for information that should have been provided by Scarlett. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (explaining that an appellate court "is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions") (citing Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) and Miyamoto v. Lum, 104 Hawaiʻi 1, 11 n.14, 84 P.3d 509, 519 n.14 (2004)). At any rate, this factual issue is not material to the legal issues presented by this appeal.

**(6)** Scarlett contends that LIRAB "erred in finding that [she] is not entitled to penalties for the untimely payment of TTD benefits." Scarlett was not entitled to TTD benefits after July 16, 2017, when she was released to perform modified duty work for no more than five hours per day and began receiving TPD benefits. LIRAB did not err by not penalizing Macy's for not paying benefits Macy's was not obligated to pay.

**(7)** Finally, Scarlett contends that LIRAB erred by failing to award her attorney's fees and costs under HRS § 386-93(a), because Macy's defended her claim for TTD benefits without reasonable grounds. Macy's paid Scarlett TTD benefits until

8

July 16, 2017, after which she returned to work part-time and received TPD benefits.  Scarlett was never entitled to receive TTD benefits after July 16, 2017.  Macy's had reasonable grounds for defending her claim for TTD benefits.  LIRAB did not err by not awarding Scarlett attorney's fees or costs.

For the reasons explained above, the LIRAB majority's "Order Adopting Proposed Decision and Order" entered on November 25, 2019, is affirmed.

DATED:  Honolulu, Hawaiʻi, July 31, 2023.

On the briefs:

Andrew A. Cheng,
for Claimant-Appellee-
Appellant.

Paul A. Brooke,
Kira J. Goo,
for Employer-Appellant-
Appellee Macy's West
Stores, Inc. and
Third-Party Administrator
Appellant-Appellee
Sedgwick CMS-Hawaii.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge