**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-25-0000344**
**17-OCT-2025**
**08:17 AM**
**Dkt. 39 SO**

NO. CAAP-25-0000344

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

H.A., Plaintiff-Appellee, v.
S.A., Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV191007532)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Leonard and Hiraoka, JJ.)

S.A. (**Father**), representing himself, appeals from the *Orders Following Extended Hearing* on March 21, 2025 entered by the Family Court of the First Circuit.[1]  We vacate and remand for further proceedings.

Father and H.A. (**Mother**) were married and are the parents of **Child.**  Mother filed for divorce.  A *Divorce Decree* was entered on April 3, 2023.[2]  Relevant to this appeal, Father and Mother had joint legal and physical custody of Child, with equal time-sharing alternating every two weeks.

Father moved for post-decree relief on May 31, 2023. He sought sole legal custody of Child and physical custody during the school year, with Mother to have physical custody during school holidays and breaks, because "[M]other's lifestyle has

---

[1]     The Honorable Kyle T. Dowd presided.

[2]     The Honorable Elizabeth Paek-Harris presided.

exhibited a consistent lack of stability, creating an environment characterized by unpredictability and alcohol abuse."

Father's motion was denied after an evidentiary hearing.[3] The Family Court maintained joint legal and physical custody. Its October 30, 2023 order stated: "Neither party shall drink and drive while the minor child is in their custody."

On August 15, 2024, Mother was charged by criminal complaint with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61. The offense date was August 5, 2024. The record does not show whether Child was with Mother on that date.

Father moved for post-decree relief on August 26, 2024. He sought temporary sole legal and physical custody of Child because of the "[r]ecent arrest of [Mother] and DUI." On September 12, 2024, the Family Court referred the case to Barbara Wung **Shintani**, a child custody evaluator, consistent with HRS § 571-46(a)(4) (2018).[4] The Family Court ordered Mother "to start the Soberlink monitoring Level I" and "test each morning during her 2 weeks with Child." A return hearing date was set.

Shintani filed her report on October 28, 2024. It included a copy of the criminal complaint charging Mother with OVUII, copies of Child's school attendance and medical records, text messages between Mother, Child, and Father, and photographs provided by Father.

The Family Court entered temporary orders on March 11, 2025.[5] Mother's blood-alcohol was to be monitored while Child was with her; if Mother tested positive, Child was to be immediately returned to Father until Mother's next scheduled visit. No adult could consume alcohol or use any substance while Child was in their care and custody. If minor reported a

---

[3] The Honorable Maria F. Penn presided.

[4] The Honorable Robert J. Brown presided.

[5] The Honorable Robert J. Brown presided.

parent's substance use, that parent's visit was to be immediately terminated.

The Family Court held an extended evidentiary hearing ten days later, and entered the Orders Following Extended Hearing that day. The court denied Father's motion for post-decree relief and vacated the orders requiring Mother to test for alcohol use, but continued the prohibition on either parent consuming alcohol while Child is in their respective custody and care.

This appeal followed.[6] The Family Court entered findings of fact and conclusions of law on June 13, 2025, consistent with Hawaiʻi Family Court Rules Rule 52.

Father's opening brief states five points of error, which we have reordered:

> 1.  A new judge was abruptly assigned on the date of trial, proceeding without familiarity with the case.
>
> 2.  The court denied a Motion in Limine and allowed prejudicial, irrelevant testimony from Ronald Freitas, [Mother]'s father and elected high ranked public official, District Attorney of SJ county CA.
>
> 3.  The court excluded critical documentary evidence without justification under the Hawaiʻi Rules of Evidence.
>
> 4.  The court denied [Father]'s timely request for remote witness testimony.
>
> 5.  The Family Court ignored CPS's formal recommendation of a CPS court officer for full custody to [Father].

**(1)** The family court judge who presided over the extended evidentiary hearing took judicial notice of the record and case files. Father's point of error lacks merit.

**(2)** Father's brief does not cite to the record where his motion in limine appears, quote the testimony he contends was prejudicial and irrelevant, or cite where he objected, as required by Rule 28(b)(4)(A) of the Hawaiʻi Rules of Appellate

---

[6] Child custody appeals have statutory priority. HRS § 571-54 (2018).

Procedure (**HRAP**). We are not obligated to search the record for information that should have been provided by Father. Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007). We disregard this point of error. HRAP Rule 28(b)(4).

**(3)** Father's brief does not cite to the record where his documentary evidence was offered, the grounds on which it was objected to, or the basis for the court's ruling excluding the evidence, as required by HRAP Rule 28(b)(4)(A). We disregard this point of error. HRAP Rule 28(b)(4).

**(4)** Father's brief does not cite to the record where he requested remote testimony, who the witness was, the facts to which the witness would have testified, or the basis for the court's denial of remote testimony, as required by HRAP Rule 28(b)(4)(A). We disregard this point of error. HRAP Rule 28(b)(4).

**(5)** Father's final point of error has some merit. Shintani reported:

> Despite [M]other's denial of alcohol abuse and neglect of the child, court officer is concerned that [M]other has minimized her use of alcohol and the effect that it has on the child. Text messages exchanged between the parents, and mother and the child indicate that mother has already threatened the child with abandonment if she chooses to live primarily with father. These text messages occur[red] two months before the court officer's interview with the child.
>
> Mother's continued use of alcohol (no matter how minimal) indicates that she has not taken the allegations seriously and defends this by not having a specific order from the court to stop all alcohol consumption when she has the child.
>
> She acknowledges that the [C]hild is sensitive to any alcohol use but flaunts this in front of the [C]hild.
>
> . . . .
>
> **Mother's driving conditions:** [M]other shall not drink before driving or while driving when the [C]hild is with her. Mother shall abide by all conditions as a result of the DUI and upcoming criminal proceedings. Court officer recommends a substance abuse assessment and treatment as recommended.

4

Shintani's report raised issues relevant to Child's best interest under HRS § 571-46(b)(2) (history of neglect or emotional abuse of a child by a parent), (7) (emotional needs of the child), (8) (safety needs of the child), (12) (parent's actions demonstrating that they separate the child's needs from the parent's needs), and (13) (evidence of past or current drug or alcohol abuse by a parent).

The Family Court's findings of fact are largely a recitation of pleadings and procedure and summaries of Father's, Shintani's, Mother's, and Ronald Freitas's testimony. "[M]ere recapitulations of evidence do not constitute findings of fact." Kilauea Neighborhood Ass'n v. Land Use Comm'n, 7 Haw. App. 227, 232-33, 751 P.2d 1031, 1035 (1988).

The Family Court found that Father was not credible because "[h]is accusations against [Mother] as to an alcohol problem are entirely speculative, stale, or both." The court found Shintani credible, but found her testimony also "stale." The court did not make findings explaining why Mother being charged with OVUII just seven months before the hearing made the issue speculative or stale.

Nor did the Family Court make findings to explain its conclusion that "[a]ny orders requiring breath alcohol monitoring of [Mother], the sharing of such results with [Father], and modification of custodial time pinned to the outcome of such testing results are *hereby vacated*." "Unless *cogent reasons* support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion." Wong v. City & Cnty., 66 Haw. 389, 396, 665 P.2d 157, 162 (1983).

The Family Court stated it found "cogent reasons to do so based upon the evidentiary record developed at today's extended hearing." But it cited only to the recent previous orders requiring monitoring of Mother's blood alcohol levels when Child was with her. It made no findings of fact that established cogent reasons to vacate the prior orders — the most recent of

which was entered just ten days before the extended evidentiary hearing. See State v. Oughterson, 99 Hawaiʻi 244, 254-55, 54 P.3d 415, 425-26 (2002) (absent change in material facts or publication of new legal authority, disagreement with prior judge's judgment "cannot constitute a 'cogent reason' for modifying [prior judge]'s ruling"). Under these circumstances, the Family Court acted outside its discretion by vacating the "orders requiring breath alcohol monitoring of [Mother], the sharing of such results with [Father], and modification of custodial time pinned to the outcome of such testing results[.]"

Father's statement that Shintani recommended he have "full custody" is not correct. But Shintani did recommend that the Family Court consider a change in the custody schedule because of the concerns she identified. The Family Court did not make findings about Child's best interest to address the HRS § 571-46(b)(2), (7), (8), (12), and (13) issues raised by Shintani. The court did not "set forth sufficient facts so that the reviewing court can prudently discharge its duty and not experience a sense of frustration through inability to get at the facts." In re Haw. Elec. Light Co., 60 Haw. 625, 642, 594 P.2d 612, 623 (1979). "We cannot fill the voids . . . for we are not the fact finding body." Id. at 643, 594 P.2d at 624. On this record, Father's claim that the Family Court "ignored" Shintani's recommendation has some merit.

The Family Court's March 21, 2025 *Orders Following Extended Hearing on March 21, 2025* and June 13, 2025 *Findings of Fact & Conclusions of Law* are vacated. This case is remanded for the Family Court to make appropriate findings and conclusions and determine the best interest of Child based on the evidence from the March 21, 2025 extended hearing. Vacation of prior family court orders must be supported by findings and conclusions establishing cogent reasons for so doing. If it is impracticable for the Family Court to make findings and conclusions based on the evidence from the March 21, 2025 extended hearing, it must

6

conduct another evidentiary hearing on Father's August 26, 2024 motion for post-decree relief.

DATED: Honolulu, Hawaiʻi, October 17, 2025.

On the briefs:

S.A., Self-represented
Defendant-Appellant.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge